[No. 954.]

A. MAU & CO., Respondents, *v.* SAMUEL LIDDLE ET AL., COUNTY COMMISSIONERS OF WHITE PINE COUNTY, Appellants.

Hamilton Debt Fund—Redemption of a Portion of a Warrant.—In construing the statutes of this state, providing for the payment of the indebtedness of the town of Hamilton: *Held*, that the law contemplates the redemption of a portion of an outstanding warrant.

Idem—Mandamus.—Where the law specially enjoins a duty upon the county commissioners, and leaves them no discretion, mandamus is the proper remedy to enforce the performance of the law.

*A. B. Treece*, District Attorney, for Appellant:

I. The law does not provide for the redemption of any portion of a warrant. It must be redeemed in full, if at all. "Purchased and redeemed," must be written on the face of it. (Stat. 1877, 54.)

II. Mandamus does not lie in this case. The board had already acted in the premises. (*Treadway* v. *Wright*, 4 Nev. 119.) Certiorari would correct the error, but mandamus would be fruitless. (*McGuire* v. *Waterman*, 5 Nev. 323.)

*George W. Baker*, for Respondent.

By the Court, LEONARD, J.:

In 1875, by an act of the legislature of this state (Stat. 1875, 154), the town of Hamilton, in White Pine county, was disincorporated, and provision was made for the payment of its indebtedness. The board of county commissioners of that county was made a board of trustees, with certain specified powers and duties. In 1877, a supplemental act was passed (Stat. 1877, 54), providing, among other things, that whenever five hundred dollars or more shall be in the "Hamilton Debt Fund," the board of county commissioners of White Pine county "shall advertise for sealed proposals for the surrender of county indebtedness, audited and allowed by the board of county commissioners, and payable out of the Hamilton Debt Fund;" and "shall accept the lowest bid or bids for the surrender of legal evidence of county indebtedness against said Hamilton Debt Fund audited; provided, that no bid for more than its par value shall be accepted by them, nor any bid, unless accompanied with the legal evidence of indebtedness proposed to be surrendered." When any bids are accepted, it is made the duty of the county auditor " to take a description of the indebtedness to be surrendered, specifying the amount to be paid for each, the date, number, and amount thereof, and make a record thereof; and thereupon the board of county commissioners shall, by order, direct the county treasurer to purchase the warrants of indebtedness designated in the accepted bid or bids, and pay for the same out of the Hamilton Debt Fund; and all warrants so surrendered shall be canceled by the county treasurer, by writing across the face thereof, in red ink, 'Purchased and redeemed,' adding thereto the time when, and the amount paid therefor, signing the same officially. The order of the board of county commissioners aforesaid, together with the record made by the county auditor, as herein required, shall be sufficient vouchers for the county treasurer in the settlement of his accounts." On the tenth day of December, 1877, the sum of seven hundred and one dollars and seventy-two cents was in

said fund, and plaintiffs were the legal owners of a certain warrant calling for two thousand two hundred and eighteen dollars, representing a portion of Hamilton indebtedness, and payable out of said fund.  A number of bids were received on the day last mentioned, according to previous notice given, among which was the bid of plaintiffs, "to surrender their said warrant, or any portion thereof, at the rate of sixty-three cents on the dollar."  Bids lower than plaintiffs', to the amount of eighty-one dollars, were received and accepted, and after payment of that sum, there was remaining in the fund the sum of six hundred and nineteen dollars.  Plaintiffs' bid was rejected for "lack of funds to cancel the same."  It is admitted that the bid was made according to law, and that the warrant was legal.  Plaintiffs thereupon filed their petition, praying the issuance of a writ of mandamus compelling the defendants herein, constituting the board of county commissioners of White Pine county, "to accept petitioners' said bid, and enter the order necessary to enable the treasurer of said county to pay them the money applicable thereto, in accordance with the statute in such case made and provided."

An alternative writ was issued and served, and, upon hearing, a peremptory writ was ordered, issued, and served upon the defendants.  This appeal is taken from the order last named, and a reversal is asked upon two grounds:

First—Because the law does not contemplate the redemption of a portion of a warrant.  A warrant must be redeemed in full, if at all, and taken up entirely.  There was not sufficient in the fund to purchase the warrant in full at sixty-three cents on a dollar; consequently defendants' official duty was to reject the bid.

Second—Because mandamus does not lie, for two reasons:

1. The board has already acted in the premises, whether correctly or otherwise.

2. It seems to be claimed by plaintiffs that defendants exceeded their jurisdiction in refusing to accept the bid; therefore certiorari is the proper remedy.

There can be but one opinion as to the object of the legislature in enacting the statute of 1877, above referred to.

It was, to pay the largest amount of indebtedness possible, with the money in the fund, as often as it should contain five hundred dollars or more. It was also intended that all evidence of indebtedness should be surrendered when paid. The reason for requiring paid warrants to be canceled in the manner stated, was that they might carry their own evidence of satisfaction. The statute might have required them to be burned or otherwise destroyed, and thereby the same purpose would have been accomplished; because, after concellation as provided, they are not to be used for any purpose. They are of no use to the treasurer, because the only vouchers required by him are the order of the board directing him to purchase, and the record made by the auditor. A canceled warrant is no longer any evidence of indebtedness. Its cancellation is indisputable evidence of its surrender and payment. There was, then, no other object in requiring the cancellation of paid warrants than to preclude the possibility of a second presentation and payment; and there was no object in requiring their surrender, except that they might be canceled. The whole object of the statute requiring surrender and cancellation is accomplished, in case of partial payment, by writing across the face the words, " Purchased and redeemed in part," and stating the amount or portion satisfied; and the owner who gives up a warrant to the treasurer for partial cancellation, thereby surrenders it and all evidence of indebtedness to the extent of the redemption and cancellation, and thereafter there exists no legal evidence of indebtedness for the portion paid. True, after partial surrender and cancellation, the paper itself is returned to the owner, but the amount of the warrant so returned is only the portion unpaid, and it bears upon its face just as strong proof of a partial surrender as a full cancellation does of an entire surrender.

Besides, as before intimated, the statute makes no provision for the disposition of paid warrants. The last act required is their cancellation after surrender. There is nothing prohibiting a return to the owner of the evidence of indebtedness unpaid—nothing requiring any officer to

keep in his possession evidence of indebtedness paid, and the interests of the county are in no manner put in jeopardy by returning a warrant partially surrendered and canceled. There may be partial payments and redemptions without doing violence to the letter of the statute even, and in so doing, only, can its spirit and intent be carried out. If the defendants and their counsel are correct in their construction of its requirements, then, there being five hundred dollars in the fund, a person holding a warrant for that amount may get par value, while a bid by plaintiffs to surrender their warrant for twenty-five cents on a dollar must be rejected. In fact, if they are correct, plaintiffs can never receive more than five hundred dollars, or the amount in the fund, although small warrants have par value. The legislature did not mean to enact a law which would result in such rank injustice to holders of large warrants, and which might deprive the county of the only benefit intended to be conferred by the passage of the act.

We think the defendants should have accepted plaintiffs' bid and made the necessary order upon the treasurer. Those acts were specially enjoined as duties resulting from their office. The law was fully complied with by plaintiffs, and the sole duty of defendants then, was to accept their bid if it was lowest; and otherwise to proceed as commanded by the statute. They had no discretion in the premises, and in such cases mandamus lies to enforce a performance of the specific act required. (*Humboldt County* v. *Churchill County*, 6 Nev. 30.)

Counsel for plaintiffs does not claim that defendants exceeded their jurisdiction in refusing to comply with the statute. They only rejected a bid which they were commanded to accept. Compelling the performance of such duties is the true and only office of the writ of mandamus.

The order of the court below is affirmed.