BORDWELL v. DILLS.

Opinion delivered February 8, 1902.

PROHIBITION—THREE-MILE LAW—WITHDRAWAL OF SIGNATURE.—A person signing a petition to put in force the three-mile law prohibiting the sale of liquors (Sand. & H. Dig., § 4877) has a right to have his name erased from such petition at any time before the same is filed in court, and he may authorize another to make such erasure.

Appeal from Jackson Circuit Court.

FREDERICK D. FULKERSON, Judge.

Affirmed.

STATEMENT BY THE COURT.

This was a local option proceeding under section 4877 of Sand. & H. Dig., as amended by subsequent acts. On appeal to the circuit court from the judgment of the county court making the order prayed for in the petition, the petitioners and those who had been made defendants agreed as follows:

"That the findings of the county court of the matter and things herein stated are true, and are based upon testimony introduced at the trial of this cause, as follows: (1)   That there are 2,407 resident adult inhabitants within three miles of said schoolhouse; (2) that 1,499 names appear on the petition asking for prohibition; (3) that of this 1,499 names 89 persons are nonresidents of said district; (4) that seven persons whose names appear on said petition died before the presentation thereof; (5) that 32 persons whose names appear on said petition signed more than once; (6) that 18 persons on said petition are minors; (7) that, excluding nonresidents, those who died before filing of said petition, those who signed more than once and minors, there remained on said petition 1,353 names."

Defendants then undertook the burden of overthrowing the petitioners' majority of 149 appearing from the agreed statement of facts, by showing that 317 of the persons whose names appear on the petition should be deducted therefrom by reason of an

alleged notice given before the filing of the petition that they desired their names omitted therefrom.

After hearing the evidence, the court found as follows:

"(1.) The petitioners have a majority of 149.

"(2.) After the petitioners had presented their petition, defendants filed application of 287 persons whose names appear upon the prohibition petition, asking that their names be withdrawn from such petition and not counted herein. That the petition for prohibition was presented to the county court on December 31, 1900, and said applications were filed January 1, 1901, and after the petitioners had presented their petitions and rested their case.

"(3.) Defendants' attorneys caused notices, which are on file in this cause, to be delivered to Hillhouse, one of the attorneys for plaintiffs, and also to the judge of the county court, in vacation, and same were delivered at the time noted on the back. The notices delivered prior to the filing of the petition on the 24th of December did not contain exceeding 138 names of persons who appeared on the application to withdraw.

"(4.) That, of the 287 persons whose names appeared on the application of withdrawal, not exceeding 100 of such persons did, of themselves, give notice for them, or make demand upon Hillhouse, or upon any other person, to have their names erased therefrom, or to request any person having a petition for prohibition in his possession to erase his name from such petition, or otherwise indicate a desire not to have such name counted.

"(5.) The attorneys for defendants had no authority to represent any more than 100 persons mentioned in the foregoing paragraph No. 4.

"(6.) That the applications filed January 1, 1901, to have names removed from the prohibition petition were heard and denied by the county court, and in this court the defendants asked that such names on said application be removed from said petition, as a matter of right only."

Thereupon the court declared the law to be as follows:

"(1.) A person signing a petition for prohibition has the right to have his name erased from such petition at any time before the same is presented to the court.

"(2.) The time of presentation mentioned in the foregoing declaration means the time the court begins a judicial investigation of the matter prayed for in such petition, and not the time of the mere filing such petition.

"(3.) Before presentation, anyone desiring to have his name removed or omitted from the prohibition petition after signing the same may do so by requesting the person having possession and control thereof to permit him to erase his name therefrom, and if, upon such request, he be not permitted to have such petition for such purpose, such request, although refused, will be sufficient to entitle him to have his name omitted from such petition, as a matter of right.

"(4.) This may be done by the person asking to have his name erased, or one may do so at his request.

"(5.) The notices given in this case were sufficient in form and substance to entitle the persons whose names appeared thereon to have their names omitted from such petition, where each notice was given by them, or some one at their request, before the presentation of the petition.

"(6.) Where an attorney has not been requested by a person to represent him in a matter, the attorney cannot assume such authority. The fact that defendants employed agents to go out among petitioners and request them to withdraw their names from such petition, of itself, will not prevent such petitioners from withdrawing their names, if they in good faith desire it."

*Stuckey & Stuckey, Gustave Jones, Jos. M. Stayton, J. M. Bell,* and *Rose, Hemingway & Rose,* for appellants.

Any signer of a petition like the one in this case may retract and change his vote at any time before the final order is made, and he is not bound to give any reasons for doing so. 27 Ohio St. 231. The form of manner in which his dissent is made known is immaterial. 45 Ohio St. 217; 1 Dill. Mun. Corp. 366-7; 2 *id.* 281; 42 Ind. 1; Mech. Ag., §§ 204, 216, 218.

*J. W. Phillips, G. A. Hillhouse* and *S. D. Campbell,* for appellees.

The signers had no right to withdraw their names. 51 Ark. 164. In the absence of fraud in obtaining the signature, it must stand. 40 Ark. 290; 51 Ark. 164. The ballots were cast when the petition was filed.

WOOD, J., (after stating the facts.) Appellants contend that one who has signed a petition against license may change his opinion at any time before the final order of the court, without giv-

ing any reason for so doing, and that, if he notifies the court of his change of mind and dissent from the petition before the final order, it is sufficient, however informal the notice may be.

Appellees contend, on the other hand, that no petitioner has the right to withdraw his or her name from the petition after it has been filed in the county court, unless his or her signature was obtained by fraud, or through ignorance on the part of the signer.

The first, third and fourth propositions of law, as declared by the learned trial judge, are correct. The second is not the law. In *Williams* v. *Citizens,* 40 Ark. 290, it is said: "If the original signatures were obtained intelligently and without fraud, and have not been erased before presentation, or afterwards by leave of the court, they fulfill the requirements of the statute." In *Mc-Cullough* v. *Blackwell,* 51 Ark. 164, it is said: "The presentation of the petition is in the nature of an election. When the county court has acted, the votes have been cast, and the election returns made." The word "presentation," as used in these decisions, should be construed to mean the "filing of the petition." Treating the proceedings as analogous to that of an election, as is done in *Mc-Cullough* v. *Blackwell, supra,* the ballots are cast when the petition containing the signatures is filed with the clerk of the county court. Continuing the analogy, when the county court begins the investigation to determine the result the polls are closed, and the count of the ballots has begun, and when the order is entered the returns are made. Before the filing with the clerk, where petitioners adopt that method of presentation to the judge, the petition is in the power of the signers. Each signer may control his signature. It is not yet a petition in which the public is interested. The matter is as yet *in fieri,* so to speak. But when the petition has been filed with the county court, it has been then delivered, presented to the court, made a court record. The public has now become interested in it. The jurisdiction of the subject-matter has now attached.

In the absence of something in the statute permitting it, no individual signer, nor, indeed, all the signers, could thereafter withdraw or erase their names from the petition without leave of the court. And the court should not grant such leave without some good cause shown therefor. He who voluntarily sets on foot a proceeding for the enforcement of a salutary police regulation in any community should not be permitted to capriciously undo his work. He should not be allowed to play fast and loose with the

interests of society. The law makes no provision for protests and remonstrances, for signing and contra-signing. It only provides for the petition. See the following authorities: *Williams* v. *Citizens,* 40 Ark. 290; *McCullough* v. *Blackwell,* 51 Ark. 164; *Wilson* v. *Thompson,* 56 Ark. 110; *State* v. *Gerhardt,* 33 L. R. A. 325; *Carr* v. *Boone,* 108 Ind. 241, 9 N. E. 110; *Sutherland* v. *McKinney,* 146 Ind. 611, 45 N. E. 1048; *Orcutt* v. *Reingardt,* 46 N. J. L. 337; *Grinnell* v. *Adams,* 34 Ohio St. 44; 17 Am. & Eng. Enc. Law (2d Ed.), 248.

The judgment of the court was correct on the facts, even if the law were as favorable to appellants as the circuit court declared in its second proposition.

Affirmed.