[No. 2452]

# THE STATE OF NEVADA, EX REL. SECURITY SAVINGS AND LOAN ASSOCIATION (A CORPORATION)', PETITIONER, v. GEORGE BRODIGAN, AS SECRETARY OF STATE OF THE STATE OF NEVADA, RESPONDENT.

[192 Pac. 263]

1. MANDAMUS—SECRETARY OF STATE HAS NO DISCRETION TO REFUSE TO FILE PAPERS REGULAR IN FORM.

The filing of incorporation papers by the secretary of state is a mere ministerial act, and he can be compelled by mandamus to file papers amending articles of incorporation, which are regular in form, but which he refused to file because he considered the amendment was an ultra vires act.

ORIGINAL PROCEEDING. Application for a writ of mandamus by the State of Nevada, on the relation of the Security Savings and Loan Association, against George Brodigan, as Secretary of State of the State of Nevada. **Writ issued. Petition for rehearing denied.**

*Augustus Tilden,* for Petitioner:

Two questions are presented for determination in this proceeding: Is the power of amendment conferred in general terms upon all corporations, applicable to petitioner? If so, is the bank examiner's power to approve or disapprove original articles of incorporation extended, by implication, over relator's proposed amendments? The first proposition is sustained by the plain provisions of the general corporation act and the building and loan act. Stats. 1915, p. 341. As to the second proposition, the building and loan act, while admittedly subjecting the form of articles of a proposed building and loan corporation to the veto of the bank examiner, is entirely silent as to the exercise of any such power over articles that have ripened into a charter. Only the state, acting by the legislature or the courts, can take back a corporate charter. "Neither the bank examiner nor the banking board has authority to create, destroy, or transmute corporate existence. A banking corporation can be formed only by the incorporators

pursuing the statutes and obtaining a charter from the secretary of state. Its corporate life can be terminated only in the manner provided by law." First Bank v. Lee, 166 Pac. 186. Termination of a part of its corporate life can be effected only in the same way. 2 Cook, Corp. 5th ed. sec. 501, p. 1036; Lord v. Eq. L. A. Co., 194 N. Y. 212, 87 N. E. 443, 22 L. R. A. 420.

*L. B. Fowler*, Attorney-General, and *Robert Richards*, Deputy Attorney-General, for Respondent:

The writ should not issue. If the petitioner should be allowed to file its amended articles, a practical destruction of the intent and purpose of the building and loan act would result. The act provides that "the secretary of state shall not issue a certificate of incorporation to any such association, authorizing it to do business in this state, until the articles of association or agreement shall have been approved by the state bank examiner," under whom it places such associations. Petitioner has become known to the state as a security savings and loan association and as a building and loan association. In so doing it has carried with it the advantages of a law which has given it the special credit and confidence of the people by virtue of the supervision of its affairs by the state bank examiner. It desires now to continue to use the name under which it has operated for several years, but to completely oust the state bank examiner of any jurisdiction over its future operations. Such a course would be destructive of the very purpose of an act reserving to the state special control of a certain kind of corporations. "It may be said in a general way that the police power extends to all the great public needs." Camfield v. United States, 167 U. S. 518. "It may be put forth in aid of what is sanctioned by usage, or held by the prevailing morality or strong and preponderant opinion to be greatly and immediately necessary to the public welfare. Noble State Bank v. Haskell, 219 U. S. 104. "A corporation may substitute a new charter, provided such substituted charter is

germane and necessary to the objects and purposes for which the company was organized." 14 C. J. 194; Sprigg v. Tel. Co., 46 Md. 67.

Petitioner's amended or substituted charter is not germane to the original articles; it is absolutely foreign. "The shareholders on their part contract with the state that they will not exceed the powers' granted in the charter, and agree with each other that they will devote the assets of the corporation to the objects and purposes of the charter, and not otherwise. * * * No principle is better settled in this state than that the stockholders in a corporation are granted no rights and clothed with no powers except such as are expressly set forth in the charter, or as arise therefrom by necessary implication." Savannah Ice Co. v. Canal-Louisiana B. & T. Co., 79 S. E. 45. Articles cannot be amended without the consent of all stockholders and members because of vested rights. Thompson on Building Associations, 2d ed. p. 52; Barton v. Enterprise L. & B. Co., 114 Ind. 226; Bergman v. St. Paul Assn., 29 Minn. 275. A corporation cannot be given the power to engage in every kind of business. Devey v. Clark, 24 App. Ct. D. C. 487.

For the purpose of the present proceeding, petitioner admits it is a building and loan association. Regardless of its own view, this admission is unnecessary, because the law makes it such an association. State ex rel. Standard H. Co., v. State Corporation Comm., 80 Kan. 695. The policy of the law is not to wind up a building and loan association if it may safely continue in business. Union Savings & Investment Co. v. District Court, 44 Utah, 397.

By the Court, SANDERS, J.:

This is a hearing upon a show-cause order issued out of this court, directed to the secretary of state, commanding him to show cause, if any he had, why the writ of mandamus should not issue to compel him to file in

his office an instrument or document which purports upon its face to be an amended certificate of incorporation of the Security Savings and Loan Association, a domestic corporation organized under the general corporation law of this state. The answer of respondent, though not so worded, is to the effect that the proposed amendment was an ultra vires act; therefore the amended certificate is not such a paper as can lawfully be filed in his office.

We are of the opinion that the secretary of state, in refusing to file the amended certificate, exceeded his authority and jurisdiction. The duties of secretary of state, with respect to filing certificates of incorporation and papers relative to corporations, are ministerial. His duties are pointed out and prescribed by statute. If certificates of incorporation and papers relative thereto substantially comply with the statute, he has no discretion, but may be compelled by mandamus to file them. The discretion to be exercised by the secretary of state does not extend to the merits of an application for incorporation, although it may be exercised as to matters of form. Generally, such officer has no discretionary power to look beyond the face of the incorporation papers, and to determine from matters outside of such papers whether or not to file the papers. He cannot consider extraneous matters.

If authority for these propositions be desired, it may be found by reference to the provisions of the statute relative to filing certificates of incorporation, and to the authorities cited in notes to section 212, vol. 1, Fletcher, Cyclopedia Corps. It is not denied that the amended certificate purports upon its face to come within the provision of section 40 of the general corporation act (Rev. Laws, 1142), and that the relator has complied literally therewith, and that it is such a paper as must be filed in the office of the respondent.

As the matter now comes before us, we cannot do otherwise than order the writ to issue, compelling the respondent to file the document as presented, with the

understanding that the amendment is subject to review in a proper case.

## ON PETITION FOR REHEARING

*Per Curiam:*

Rehearing denied.