Root *v.* O'Brien.

Opinion delivered May 5, 1924.

1.  ANIMALS—EXEMPTION OF TOWNSHIP FROM STOCK LAW.—Where a stock law created by special act (1923, p. 479), was adopted by the electors of the district, the right of exemption of a township, conferred by § 11 thereof, could not be exercised after the law went into effect on January 1, 1924.

2.  ANIMALS—EXEMPTION NOT CONCLUDED WHEN.—Where a petition under Special Acts 1923, p. 479, § 11, exempting townships from a stock law adopted by the district, did not contain the required majority of eléctors, its denial was not a bar to a later proceeding under a petition containing a majority, even though the original petitioners appeared among the petitioners on the second petition.

3. JUDGMENT—RES JUDICATA.—A judgment operates as a bar to subsequent proceedings only upon the same facts properly pleaded, and not to subsequent proceedings based upon different facts.

4. ANIMALS—PENDENCY OF PETITION FOR TOWNSHIP EXEMPTION.— Each petition, under Special Acts 1923, p. 497, § 11, to exempt a township from a stock law is an independent proceeding; the sole question in each case being whether the petition contains a majority of the electors of the district, and it is immaterial that another petition is pending.

5. ANIMALS—CONSTRUCTION OF SPECIAL STOCK LAW.—Special Acts 1923, p. 485, § 11, makes it compulsory on the county court to make an order exempting a township from a county stock law where a majority of the electors favor exemption; the word "may" in the statute meaning "shall."

Appeal from White Circuit Court; *E. D. Robertson,* Judge; reversed.

*John E. Miller,* for appellants.

Section 11 of the statute under consideration clearly gives the electors the right to file a petition to exempt a township at any time. The fact that a previous petition, which was found not to contain a majority of the electors, was filed, is no bar to the filing of a second petition. The word "may" as used in the statute should be construed to mean "shall." *Washington County* v. *Davis,* 162 Ark. 335.

*Culbert L. Pearce* and *Eugene Cypert,* for appellees.

A former petition having been filed and acted upon, the matter was *res judicata.* While we have found no decisions directly in point, the following on the subject may be examined with profit: 20 Ark. 85; *Id.* 573; *Id.* 561; 134 Ark. 571; 135 Ark. 450; 141 Ark. 453; 156 Ark. 139; 159 Ark. 85; 97 Ark. 456; 116 Ark. 416; 83 Ark. 545; 91 Ark. 394; 96 Ark. 87; *Id.* 540; 15 R. C. L. 949 *et seq., Res Judicata;* 256 Ill. 213; 112 Fed. Rep. 705; 253 Ill. 625; 35 Conn. 526; 206 Ala. 169; 70 Wash. 670; 119 Iowa 512; 1913C Ann. Cas. 914; 20 A. L. R. 1133; 49 L. R. A. (N. S.) 108.

MCCULLOCH, C. J. This controversy arises over the application of a stock law in White County. A special statute was enacted by the General Assembly of 1923

(Special Acts 1923, p. 479), creating two districts in White County, one embracing all of the territory in the county on the south side of Little Red River, except Dogwood Township, and the other embracing all of the territory on the north side of Little Red River. The statute provides for the calling of an election in each district, within fifteen days after the approval of the act, for the purpose of submitting to the qualified electors of the districts the question whether or not the statute should be put into operation in the respective districts; that, upon the returns of the election being made, the county court shall make an order declaring the adoption or rejection in the respective districts, and that, if a majority of the votes cast at the election be in favor of the stock law, "then this act shall become effective * * * on the first day of January, 1924." The statute further provides that, if the law be not adopted in a district at the first election, the question may be again submitted for adoption or rejection in said territory one year after the first election, and that, if a majority is in favor of adoption at the second election, "it shall become effective on the first day of January next after such election."

The controversy arises under the application of § 11 of the statute, which reads as follows:

"After the adoption of this act as herein prescribed, if the qualified electors of any political township want said township exempted from its provisions, they may, after giving twenty days' notice by publication, present a petition to the county court, signed by a majority of the qualified electors of said township, praying that said township be exempted from all or any part of the provisions of this act for a period of not more than five (5) years, and, upon a hearing in open court, if said petitions appear to have been signed by a majority of qualified electors, the court may enter an order exempting said township, according to the prayer of the petition, and shall cause said order to be published. Said order of exemption may be rescinded or modified at any time, upon petition of a majority of the qualified electors in

the affected territory, as in the original petition for exemption.''

The elections were held in accordance with the statute, and the majority voted in favor of the adoption of the law. Thereafter, on November 12, 1923, a petition was filed in the county court by qualified electors of Cypert Township, asking that the territory embraced in that township be exempted, in accordance with § 11 of the statute. A protest was filed by other electors of the township, and, on the hearing by the county court, the petition was dismissed. An appeal to the circuit court was prayed by the petitioners and allowed, but never prosecuted to judgment in the circuit court. On December 28, 1923, appellees, claiming to constitute a majority of the qualified electors of Cypert Township, filed a petition in accordance with the terms of the statute, and gave notice thereof, praying for an exemption of Cypert Township. This petition contained the names of many of the same persons whose names appeared upon the former petition, but the first petition was held to be insufficient because it did not contain the names of a majority of the electors, and the last petition purported to be a majority of the electors.

Appellees, who are qualified electors of Cypert Township, filed their protest to appellants' petition in the county court, and pleaded former adjudication on the first petition as ground for denying the prayer of the last petition. The matter came on for hearing before the county court on January 7, 1924, and judgment was rendered denying the petition of appellants, and they appealed to the circuit court, where the cause came on for hearing on February 15, 1924. The circuit court sustained the plea of appellees, and dismissed the petition of appellants, and the latter have duly prosecuted their appeal to this court.

A determination of the controversy calls for an analysis of the provisions of the statute so as to ascertain its effect, particularly as to § 11, under which this controversy arises. This section provides that the qualified

electors of any township may petition for exemption after the adoption of the statute at the election authorized to be held, and that the order of exemption "may be rescinded or modified at any time upon petition of a majority of the qualified electors in the affected territory, as in the original petition for exemption." But § 11 does not specify the limit of time within which the electors may petition for an exemption. The language used in that section does not necessarily imply that the qualified electors may, at any time, secure such an exemption, and there ought to be clear language in the statute giving that effect to the law before the court should so declare. When this section is read in the light of other sections, we think it is clear that the framers of the act did not intend to confer the right of exemption to be exercised by petition after the law goes into effect on January first of the year succeeding the election. The statute declares, on the contrary, that, if a majority of the votes cast in the election shall be in favor of the stock law, then the law shall be effective "in all portions" of the district on January 1, 1924. The reason for placing this limitation upon the exercise of the privilege of exempting townships is obvious, for such a law should operate with reasonable permanence, so as to avoid great expense and inconvenience to farmers and stock-raisers living in the territory, and it would not be good policy to permit frequent changes dependent upon the changing will of the majority.

Appellants filed their last petition before the law went into operation, and it was presented to the court as soon as it convened thereafter, hence the petition was filed within time, under the interpretation which we place on the statute.

Counsel for appellees defend the ruling of the court in dismissing the petition on the ground that the adjudication on the former petition was a bar to the last petition. We cannot agree to that conclusion, for the statute gives the right to exempt a township on petition of a majority presented at any time before the law went into

operation.   A judgment operates as a bar to subsequent proceedings only upon the same facts properly pleaded, and not to a subsequent proceeding based upon different facts. *Barrentine* v. *Henry Wrape Co.,* 113 Ark. 196.   The former petition for exemption was found not to contain a majority, and the adjudication thereon could not, under any principle of law, operate as a bar to proceedings later, under a petition containing a majority, even though the original petitioners appeared among the petitioners on the second petition.   Nor can the judgment of the circuit court be upheld on the ground that the original petition is still pending—if that be shown to be true—for each petition is an independent proceeding, and must be determined on the question whether or not it contains a majority of the electors of the district. The sole question involved is whether or not the petition contained a majority, for the statute makes it compulsory on the county court to make the order upon finding that a majority favors exemption.   The statute uses the word "may," but it was obviously intended to be construed so as to mean "shall."   *Washington County* v. *Davis,* 162 Ark. 335.

The circuit court erred in dismissing the petition, and the judgment is reversed, and the cause remanded with directions to overrule the plea of appellees, and to proceed with a trial of the question whether or not the petition contains a majority of the qualified electors in Cypert Township.