O'BRIEN v. ROOT.

Opinion delivered December 22, 1924.

ANIMALS—PETITION FOR STOCK LAW—WITHDRAWAL OF SIGNATURES.— Where a petition to exempt a township from a stock law (Sp. Acts 1923, p. 479) was signed by a majority of the qualified electors of the township, such petitioners could not, after the petition had been filed and the cause come on for hearing, withdraw their names from the petition and have them entered as remonstrators.

Appeal from White Circuit Court; *E. D. Robertson,* Judge; affirmed.

*Culbert L. Pearce,* for appellant.

The right to withdraw names from a petition of this nature before presentation is like the right given a plaintiff to dismiss his case or take a nonsuit. This right is plainly given. See 9 R. C. L., p. 193, 196, 197; 15 Ark. 148; 74 Ark. 536; 17 Ark. 435; 76 Ark. 400; 133 Ark. 570; 131 Ark. 36. The rule announced by this court many times as to petitions under the three-mile law is not applicable here.

*Avery M. Blount,* for appellee.

· The rule applied in local option cases by this court in the following cases is also applicable here. See 51

Ark. 159; 70 Ark. 175; 75 Ark. 154; 112 Ark. 342. The court was correct in refusing to allow the petitioners to withdraw their names.

WOOD, J. This is the second appeal in this case. See 164 Ark. 156. The facts are correctly stated in appellants' brief as follows:

"On November 7, 1923, after having given proper notice, some of the appellees filed a petition in the county court, praying that Cypert Township be exempted from the provisions of act No. 239, as provided by § 11 of said act. The appellants made themselves parties to the proceedings by filing a remonstrance, denying, among other things, that the petition for exemption contained a majority of the qualified electors of the township. A hearing was had on November 12, 1923, and the court denied the prayer of the petitioners because their petition did not contain a majority of the qualified electors of the township. No appeal was taken from that order. Thereafter, on December 28, 1923, O. R. Root and thirty-nine others, after having given proper notice, filed their petition in the county court, seeking the same relief as in the first instance. Thereafter, on January 7, 1924, J. E. O'Brien and twenty-nine others, qualified electors, and three others who were not electors, made themselves parties to the proceeding by filing a remonstrance and a motion to dismiss on the ground of former adjudication. In their remonstrance they set up that they were qualified electors of Cypert Township and landowners therein, and, as such, had an interest in the subject-matter of the petition, and asked to be made parties to the proceedings, and alleged that there were no good reasons why the township should be exempted from the provisions of the act and many good reasons why it should not be exempted; that they constitute a majority of the qualified electors, landowners and taxpayers of the township, and that they are fully satisfied with the provisions of the act, and favor a general stock law. They prayed that the petition for exemption be denied and that the stock law remain in full force and effect. During the term,

A. J. Mote and eleven others, who signed the original petition for exemption, filed separate petitions, asking that their names be stricken from the petition for exemption and that they be counted as remonstrators and opposed to exemption. Mote stated that many farmers had planted crops on open lands in the township, relying on the stock law for protection, and that, if exemption were granted, their crops would soon be overrun and destroyed by live stock. The other petitioners stated that, after due consideration, they had reached the conclusion that it was not best for the township to be exempted from the provisions of the stock law, and that they desired their names stricken from the petition and counted among those opposing exemption. These petitions were subscribed and sworn to before officers authorized to administer oaths, on different dates from December 29, 1923, to August 14, 1924.

On August 15, 1924, the cause came on for hearing on the merits, and the petitioners, except Mote and the eleven others whose names were on the original petition of December 11, 1923, moved the court to deny the petitions of Mote and the eleven others who were asking that their names be stricken from the petition for exemption, on the ground that they were parties to the proceedings in the nature of co-plaintiffs, and were not entitled to withdraw therefrom without the consent of their co-plaintiffs or by permission of the court.

The judgment of the court recites as follows: "The court finds that there were sixty-two qualified electors residing in Cypert Township on December 28, 1923, the date the petition for exemption herein was filed in the county court; that of said sixty-two, twelve qualified electors, namely, A. L. Carter, A. J. Mote, N. E. Walls, John Skelton, J. W. Mote, Jim Mote, A. Jackson, Mrs. H. H. Ramey, H. H. Ramey, D. O. Ramey, E. Walls, and S. H. Chapman, have this day filed herein individual petitions asking that their names be stricken from the petition for exemption and that they be counted as remonstrating against the granting of the petition; that the

petition asking that said township be exempted herein contains the names of forty of the sixty-two qualified electors of said township, which includes the twelve asking that their names be stricken therefrom."

Upon these findings, the court denied the request of the twelve parties named above to have their names stricken from the petition for exemption, and entered a judgment granting the prayer of the petitioners for the exemption of Cypert Township for a period of five years from January 24, 1924, to which findings and judgment the remonstrators, including the twelve who were seeking to be made remonstrators, excepted, and prosecute this appeal.

The appellants contend that the court erred in overruling the petition of A. J. Mote and the eleven others to have their names stricken from the original petition for exemption of Cypert Township and asking that they be counted as remonstrants against the original petition which they had signed. Section 11 of act No. 239, Acts of 1923, p. 479-485, involved in this action, provides: "After the adoption of this act as herein prescribed, if the qualified electors of any political township want said township exempted from its provisions, they may, after giving twenty days' notice by publication, present a petition to the county court, signed by a majority of the qualified electors of said township, praying that said township be exempted from all or any part of the provisions of this act for a period of not more than five years, and, upon a hearing in open court, if said petitions appear to have been signed by a majority of qualified electors, the court may enter an order exempting said township according to the prayer of the petition, and shall cause said order to be published. Said order of exemption may be rescinded or modified at any time upon petition of a majority of the qualified electors in the affected territory, as in the original petition for exemption."

It appears from the findings by the trial court that the petition for exemption of Cypert Township was

signed by forty qualified electors, including Mote and the eleven others, who, when the cause came on for hearing on August 15, 1924, asked that their names be stricken from the original petition for exemption. The striking of these names from the original petition would leave the same signed by less than a majority of the qualified electors of the township, and would deprive the court of jurisdiction under the act to enter an order exempting Cypert Township from its provisions. The court did not err in holding that A. J. Mote and the eleven others could not have their names stricken from the petition and entered as remonstrants after the petition for exemption was filed and the cause came on for hearing. The stock-law act of White County is an exercise of the police power of the State, and the controlling principle here is announced in many local option cases under the three-mile local option liquor law.

In *McCullough* v. *Blackwell*, 51 Ark. 159, we said: "The question arising on the appeal is this: Where a petition to put the three-mile law in force has been acted upon by the county court, and an appeal from the order prosecuted to the circuit court, has the petitioner the unqualified right to withdraw from the petition in the circuit court? The question is answered in the negative by the decisions in *Williams* v. *Citizens, supra.* Speaking of the right of a petitioner to withdraw from the petition in the county court—the court of first instance— it is said that, if the original signatures were obtained intelligently and without fraud, and have not been erased before presentation, or afterwards by leave of the court for cause, they fulfill the requirements of the statute. See *Grinnell* v. *Adams*, 34 Ohio St. 44; *Hays* v. *Jones,* 27 Ohio St. 219; *Dutten* v. *Village of Hanover,* 42 Ohio St. 215. The petition is in the nature of an election. When the county court has acted, the votes have been cast, and the election returns made, and an appeal does not invest the petitioner with the power to change his vote or to withdraw it, except for good cause, as is indicated in *Williams* v. *Citizens, supra.* While the cir-

cuit court tries the issue on appeal *de novo,* it can award or refuse a prohibitory order only upon the petition as signed when acted upon by the county court. No cause for striking from the petition the names to which objection was made was shown or offered. The remonstrants alleged that they were unduly obtained, but that the allegations of the remonstrance are not evidence was decided in *Williams* v. *Citizens, supra."*

And in the case of *Bordwell* v. *Dills,* 70 Ark. 175, among other things, we said: "Before the filing with the clerk, where petitioners adopt that method of presentation to the judge, the petition is in the power of the signers. Each signer may control his signature. It is not yet a petition in which the public is interested. The matter is as yet *in fieri,* so to speak. But, when the petition has been filed with the county clerk, it has been then delivered, presented to the court, made a court record. The public has now become interested in it. The jurisdiction of the subject-matter has now attached. In the absence of something in the statute permitting it, no individual signer, nor indeed all the signers, could thereafter withdraw or erase their names from the petition without leave of the court. And the court should not grant such leave without some good cause shown therefor. * * * The law makes no provisions for protests and remonstrances, for signing and countersigning. It only provides for the petition." In addition to the cases cited in the above case, see *Calvin* v. *Finch,* 75 Ark. 154, and *McClure* v. *Topf & Wright,* 112 Ark. 342.

But counsel for appellants contend that this construction of the statute is contrary to the last clause of § 11, which is as follows: "Said order of exemption may be rescinded or modified at any time, upon petition of a majority of the qualified electors in the affected territory, as in the original petition for exemption." This clause of § 11 does not contemplate that those who have signed the petition for exemption provided for in the first part of the section and who have filed the same with the clerk of the county court, and thus given the court

jurisdiction to hear the petition, shall thereafter withdraw and erase their names from the petition without leave of the court. Those who have signed the original petition for exemption will not thus be permitted "to march up the hill" to give the court jurisdiction, and then "march down again" to destroy such jurisdiction in the same proceeding. The signers of the original petition for exemption should not be allowed, as is said in *Bordwell* v. *Dills, supra,* "to play fast and loose with the interest of society." "The law makes no provision for protests and remonstrances, for signing and countersigning." The clause quoted, upon which counsel relies, does not permit *a change of heart* in the same proceeding after the jurisdiction of the court has attached by the filing of the petition for exemption. It only authorizes a petition for rescinding or modifying the order of exemption, and that must be signed by a majority and presented in the same manner as in the original petition for exemption.

The judgment of the circuit court is in all things correct, and it is therefore affirmed.