SOLOMON *v.* CARROLL.

Opinion delivered December 19, 1927.

ANIMALS—STOCK LAW DISTRICT—DETACHMENT OF TOWNSHIP.—A township which, under Crawford & Moses' Dig., § 330, had on petition been added to a stock law district already formed, has no right, under § 331, to be detached and exempted from the operation of the law.

Appeal from Greene Circuit Court; *W. W. Bandy,* Judge; reversed.

*M. P. Huddleston,* for appellant.
*Jeff Bratton,* for appellee.

KIRBY, J. This appeal challenges the right of Lake Township, in Greene County, to be detached and exempt from the operation of the law in an original unit stock-law district, to which it was added upon petition and election, by order of the Greene County Court, duly made.

The case on appeal from the county court, where the right was denied, was heard upon the following stipulations of fact:

"It is hereby stipulated by and between the parties hereto that, in the year 1916, Clark, Union and St. Fran-

cis townships were by proper order of the Greene County Court formed into a stock district under the provision of the act of General Assembly of the State of Arkansas, approved March 19, 1915. That in the year 1924 Lake Township, which adjoined the unit district above mentioned, on the east, under proper petition and orders of the county court of Greene County, Arkansas, under an election as required by law, was attached to and became a part of said unit under the provisions of act 156 of Acts 1915, as amended by act No. 258, year 1919.

"The only question for determination is whether now said Lake Township may petition out from under the operation of the stock law, under the provision of § 331, C. & M. Digest."

No other evidence was offered in the circuit court, and from the judgment allowing the township to be detached from the district and exempt from the operation of the stock law this appeal is prosecuted.

Appellants insist that there is no provision of the law warranting such separation from the district, and appellees that the action was rightfully taken under the provisions of § 331, C. & M. Digest of the Statutes.

The original unit district was formed in 1916, under the provisions of the said act of the Legislature No. 156 of the Acts of 1915, as amended by act No. 258 of 1919, and in 1924 Lake Township was duly attached thereto.

Section 10 of the said act No. 156 (§ 331, C. & M. Digest of the Statutes) provides for the formation of three or more townships into a unit or district for restraining any stock, as enumerated in the act, from running at large after the organization shall have been perfected, and § 330, C. & M. Digest, provides "any other township, or any group of townships, that would be a contiguous whole to the unit thus formed, may be attached to and become a part of said unit in the same way and manner as herein provided for in the first instance, by merely stating in the petition, in addition to the other requirements, that the petitioners wish their

township or townships attached to said unit, naming the townships therein.''

It is insisted that the provisions of § 331, relating to the exemption of any township from the operation of the stock law in the district organized, only applies and has effect to allow such exemption made of a township or territory proposed to be included in the original unit or district, which action must be taken before the completion or perfection thereof, it conferring no right upon a single township, duly attached to the original unit district by the method provided, to be detached and exempt thereafter from the provisions of the stock law operative in such district.

In *O'Brien* v. *Root,* 167 Ark. 119, 266 S. W. 931, this court had under consideration a like proceeding under the provisions of a special act applicable to White County alone, containing provisions like § 331, C. & M. Digest, except the special act only permitted exemption for a period of not more than 5 years. That case was first before the court and reported in 164 Ark. 156, 261 S. W. 291, where the court construed the provisions of the act relative to the exemption of a township, and held that there was no intention to confer the right of exemption to be exercised after the law went into effect on January 1 of the year following the election, holding, in other words, that the exemption must be applied for and effected before the district was perfected and the law became effective and operative therein. The court said there:

''The reason for placing this limitation upon the exercise of the privilege of exempting townships is obvious, for such a law would operate with reasonable permanence, so as to avoid great expense and inconvenience to farmers and stock raisers living in the territory, and it would not be good policy to permit frequent changes dependent upon the changing will of the majority.''

It does not appear, from the provisions of said § 331, that there was any intention of the lawmakers to confer a right upon a single township that had been regularly

attached to an original unit or district, to separate itself from such district and be relieved and exempt from the operation of the stock laws therein after becoming attached thereto, and we find no other provisions of the law authorizing such detachment.

The lawmakers doubtless had in mind that the public welfare would be best promoted by the organization of the territory into districts for preventing the running at large of stock, when the majority of the electors in the territory affected concluded that it should be done, in order to avoid the great expense and inconvenience to the farmers and stock raisers living in the territory, of fencing to prevent damage from the stock running at large, and made no provision for the exemption of such territory from the provisions of the stock law after the perfection of the organization of the district and the annexation of the territory thereto.

It follows that the court erred in holding otherwise, and the judgment is reversed, and the cause dismissed.