STATE Ex Rel. WARD *v.* FIFTH JUDICIAL DISTRICT COURT in and for Mineral County Et Al.

No. 2974

April 6, 1932.                          9 P.(2d)681.

*Emerson J. Wilson,* for Petitioner:

*Green & Lunsford,* Amici Curiæ, and *Walter Rowson,* for William Royle as State Labor Commissioner:

## OPINION

By the Court, COLEMAN, C. J.:

This is an original proceeding in prohibition.

Grace V. Ward instituted an action in the second judicial district court in and for Washoe County, Nevada, to foreclose a certain chattel mortgage given by Kernick Divide Mining Company, a corporation, upon a mill situated in Mineral County, Nevada, to secure certain notes of said company. The company appeared by answer in said suit, and, on April 15, 1931, a judgment was rendered in favor of the plaintiff and a decree was entered foreclosing said mortgage, appointing a receiver to preserve the property, and an order was entered ordering and directing Henry Boerlin, the sheriff of Mineral County, Nevada, to advertise and sell the property covered by the mortgage, to satisfy said judgment. Thereafter the said Boerlin, as such sheriff, advertised said property for sale on the 8th day of January, 1932.

During the month of April, 1931, several individuals filed, or attempted to file, labor liens against the property of said company for work and labor alleged to have been performed at the instance and request of said company, prior to and after the execution of the mortgage aforesaid.

It further appears that the individuals who contended that said company was indebted to them for work and labor rendered and performed assigned such claims to William Royle, as labor commissioner of the State of

Nevada; that thereafter, and on or about the 8th day of May, 1931, said Royle instituted an action against Kernick Divide Mining Company and others, in the fifth judicial district court of Nevada, in and for Mineral County, not for the purpose of foreclosing said lien claims, but for the purpose of recovering judgment in the amount alleged to be due, and for a penalty and attorney's fee, but that no summons was served in said action prior to January 8, 1932.

It further appears that on the 7th day of January, 1932, the said Royle, as labor commissioner aforesaid, as plaintiff in the action against Kernick Divide Mining Company et al., filed a supplemental complaint, as the basis for an injunction to restrain the said Boerlin, as sheriff, from proceeding with the sale of the property as aforesaid, though said supplemental complaint did not seek to foreclose said lien claims.

It further appears that on the 7th day of January, 1932, upon the filing of said supplemental complaint, the Honorable J. Emmett Walsh, as judge of the fifth judicial district court, in and for Mineral County, Nevada, issued a restraining order restraining the said Henry Boerlin, as sheriff as aforesaid, from making the sale as ordered, and directing the said Kernick Divide Mining Company and its officers and directors to show cause why said restraining order should not be made permanent.

It is not alleged in either of the complaints in the Mineral County suit, in which the restraining order was issued, that there was any fraud, mistake, or fact attacking the regularity or validity of the judgment mentioned, nor other allegations giving the respondent jurisdiction to issue an injunction restraining the sheriff from making the sale under a valid judgment and order. Furthermore, it appears that there was no attempt to foreclose the liens mentioned within the time prescribed by statute (section 3742, N. C. L.).

If the state labor commissioner has a lien prior to that of Ward we fail to see how it can be affected by the threatened sale, and it certainly follows that, if

the lien claimants have lost their prior claim, if they ever had one, by failure to foreclose it in due time, the injunction should be dissolved.

But we think this proceeding must be dismissed, as it does not appear that application was made to the respondent court for relief prior to the institution thereof, nor any showing made that such application would have been futile. Irving Nat. Bank v. District Court, 47 Nev. 86, 217 P. 962.

Dismissed without prejudice.