PUBLIC SERVICE COMMISSION, Et Al., Petition-
ERS, *v.* FIRST JUDICIAL DISTRICT COURT,
Et Al., Respondents.

No. 3247

December 10, 1938.                85 P. (2d) 70.

*James T. Boyd,* for Petitioner, Nevada - California Transportation Company, Inc.:

*Gray Mashburn,* Attorney-General; *W. T. Mathews* and *Alan Bible,* Deputy Attorneys-General, for Petitioners, Public Service Commission of the State of Nevada:

*Brown & Belford* and *Walter Rowson,* for Respondents:

**OPINION**

By the Court, TABER, J.:

In May 1938, Tonopah & Goldfield Railroad Company, Railway Express Agency, Inc., Pacific Motor Transport Company and Southern Pacific Company, as plaintiffs, commenced an action in the First judicial district court, Ormsby County, against petitioners herein, as defendants, for the purpose of having set aside and vacated an order of the public service commission made in February 1938, granting a certificate of public convenience to Nevada-California Transportation Company, Inc.

It appears from the complaint in said action that in January 1936 said Nevada - California Transportation Company, Inc., applied to the public service commission for a certificate of public convenience, that each of plaintiff corporations filed its protest against the granting of said application, and that after a hearing the commission made an order granting the same. Said complaint detailed a number of reasons why said order was alleged to be unreasonable.

Defendants demurred to the complaint upon the grounds: "I. That said complaint does not state facts sufficient to constitute a cause of action against said defendants, or against either of said defendants, or any cause of action at all. II. That the above entitled court has no jurisdiction over the subject matter of said action." The district court overruled said demurrer and allowed defendants ten days within which to answer or further plead. Thereafter said defendants applied to this court in the instant proceeding for a writ prohibiting respondents from taking any further proceedings in said district court action other than to dismiss the same.

In the year 1919 there was enacted what is frequently referred to as the Nevada public service commission law, entitled "An Act defining public utilities, providing for the regulation thereof, creating a public service commission, defining its duties and powers, and other

matters relating thereto." Statutes of Nevada 1919, chap. 109, pp. 198–216; secs. 6100–6146 N. C. L. 1929. Section 36½ of said act, as amended, Statutes of Nevada 1925, chap. 161, at pp. 245, 246 (sec. 6137 N.C.L. 1929), contains the following provision: "Every public utility owning, controlling, operating or maintaining or having any contemplation of owning, controlling, or operating any public utility shall, before beginning such operation or continuing of operations, or construction of any line, plant or system or any extension of a line, plant or system within this state, obtain from the public service commission a certificate that the present or future public convenience or necessity requires or will require such continued operation or commencement of operations or construction."

The first paragraph of section 33 of said act of 1919 (sec. 6133, N. C. L. 1929) reads as follows: "Any party in interest being dissatisfied with an order of the commission fixing any rate or rates, fares, charges, classifications, joint rate or rates, or any order fixing any regulations, practices or services, may within ninety (90) days commence an action in the district court of the proper county against the commission and other interested parties as defendants to vacate and set aside any such order on the ground that the rate fixed in such order is unlawful or unreasonable, or that any such regulation, practice, or service, fixed in such order is unreasonable. The commission and other parties defendant shall file their answers to said complaint within thirty (30) days after the service thereof, whereupon such action shall be at issue and stand ready for trial upon twenty (20) days' notice to either party."

In the year 1933 there was enacted what is commonly known as the motor vehicle carriers act, now entitled "An Act declaring the purpose and policy of the legislature relative to use of the public highways of the state in the carrying of persons and property thereon in motor vehicles, defining such vehicles and public highways, providing for the licensing of certain carriers

thereon by the public service commission of Nevada and providing and defining its duties in relation thereto, providing license fees for the operation of motor vehicles in carrier service for hire and other service on the public highways of the state, providing for official inspectors and salary and allowances therefor, providing penalties for the violation hereof and other civil actions for the recovery of license fees herein, providing for the weighing of motor vehicles for license purposes by public weighmasters, and repealing all acts and parts of acts and certain acts of the legislature in conflict herewith; and other matters properly connected therewith." Statutes of Nevada 1933, chap. 165, pp. 217–277 (title amended, Stats. of Nevada 1935, chap. 126, p. 261; Stats. of Nevada 1937, chap. 152, p. 336).

The preliminary provisions and section 1 of said motor vehicle carriers act are as follows: "Whereas, The operation of motor cars and vehicles for hire on the public highways of the state is known to materially increase the cost of maintenance of highways, and in many cases to introduce elements of danger to the traveling public; and whereas, It is necessary for the enforcement of good order and for the protection of highways constructed by this state that large sums of money be spent for the regular supervision of such highways and for repairing damage done to said highways, whether or not such vehicles are operated in interstate commerce; and whereas, This act is necessary for the preservation of safety, the protection of the public and in providing funds for proper maintenance of said highways; now, therefore, The people of the State of Nevada, represented in Senate and Assembly, do enact as follows: * * * It is hereby declared to be the purpose and policy of the legislature in enacting this law to confer upon the public service commission of Nevada the power and authority, and to make it its duty to supervise, regulate and license the common motor carrying of property and/or passengers for hire, and to supervise for licensing purposes the contract

motor carrying of property and/or of passengers for hire, and to supervise for licensing purposes the private motor carrying of property when used for private commercial enterprises on the public highways of this state, hereinafter defined, so as to relieve the existing and all future undue burdens on such highways arising by reason of the use of such highways by motor vehicles in a gainful occupation thereon, and to provide for reasonable compensation for the use of such highways in such gainful occupations, and enable the State of Nevada, by a utilization of the license fees hereinafter provided, to more fully provide for the proper construction, maintenance and repair thereof, and thereby protect the safety and welfare of the traveling and shipping public in their use of the highways. This act is not to be construed as a motor vehicle registration act, but that the license fees provided herein are in addition to the motor vehicle registration license fees that are now or may hereafter be required under the laws of this state."

Section 4 of said act provides that: "No common motor carrier of property or passengers, contract motor carrier of property or passengers or private motor carrier of property shall operate any motor vehicle for the transportation of either persons or property for compensation on any public highway in this state except in accordance with the provisions of this act."

The first paragraph of section 6 of said act, as amended, Statutes of Nevada 1937, chap. 152, at p. 339, sec. 4 reads: "(a) The public service commission of Nevada is hereby vested with the power and authority, and it shall be its duty to license, supervise and regulate every common motor carrier of property and/or of passengers in this state in all matters affecting the relationship between such carriers and the traveling and shipping public over and along the public highways of this state. All laws relating to the powers, duties, authority and jurisdiction of the public service commission of Nevada over common carriers are hereby made applicable to all such motor carriers except as in this act

otherwise specifically provided; provided, all transportation charges made by any common motor carrier of property and/or of passengers shall be just and reasonable."

Section 7 of said act, as amended, Statutes of Nevada 1935, chap. 126, sec. 4, at pp. 263, 264, is as follows: "It shall be unlawful for any common motor carrier of property and/or of passengers to operate as a carrier of intrastate commerce within this state without first having obtained from the public service commission a certificate of convenience and necessity. The public service commission, upon the filing of an application for such certificate, shall fix a time and place for hearing thereon, and shall proceed in the matter according to the provisions of the laws of this state made applicable thereto; provided, however, before granting a certificate of convenience and necessity to such applicant the commission shall take into consideration other existing transportation facilities in the territory for which a certificate is sought. It shall also take into consideration the public necessity and convenience to be accorded by the service and rates offered by such applicant or applicants; provided further, that the commission, in its discretion, may dispense with the hearing on the application if, upon expiration of the time fixed in the notice thereof, no protest against the granting of the certificate has been filed by or in behalf of any interested person; and provided further, that no such certificate of convenience and necessity shall be issued to the applicant unless and until the applicant shall have paid to the said commission all license fees then and there due as hereinafter provided."

Section 14 of said act reads: "No certificate of convenience and necessity and/or license issued in accordance with the terms of this act shall be construed to be either a franchise or irrevocable. The commission may at any time, for good cause shown, suspend, and upon at least five days' notice to the grantee of any certificate and/or license and upon a hearing had therefor, revoke

such certificate and/or license; provided, any person aggrieved by the order of the commission revoking such permit may within thirty days commence an action in the district court of Ormsby County against said commission to vacate and set aside such order on the ground that such order is unlawful or unreasonable. The proceedings thereafter shall be governed by the provisions of section 33 of the public service commission act, i. e., section 6133 Nevada Compiled Laws 1929."

The repealing section of said act, sec. 27, provides: "All acts and parts of acts in conflict herewith, and particularly 'An Act requiring a license for the operation of motor cars and vehicles for hire on the public highways of the state, and other matters relating thereto, approved March 29, 1929,' and 'An Act authorizing the public service commission of Nevada to employ an inspector, fixing his compensation, providing for necessary traveling expenses and subsistence, and other matters relating thereto, approved March 24, 1931,' are hereby repealed."

Petitioners' argument may be summed up as follows: The motor vehicle carriers act of 1933 is not an amendatory act, nor an act supplementary to any existing law; it is an independent act, complete in itself, and embodies in it many of the features of prior motor acts, including the public utility act of 1919. Section 4 of the 1933 act excludes all other laws relating to motor carriers except those expressly adopted by that act. The only prohibition, in section 7 of the 1933 act, against granting a certificate of convenience and necessity is that which forbids the issuance of such certificate unless and until all license fees shall have been paid and the required indemnity insurance policy or bond filed. Provision is made in the act of 1919 for a review by the courts of the commission's action in granting a certificate of convenience and necessity, but there are no such provisions anywhere in the 1933 act. Nor does the latter act contain any of the requirements set out in section 36½ of the 1919 act (section 6137 N. C. L. 1929),

or the restrictions placed upon the commission by that section. Section 14 of the 1933 act limits the right of the grantee of the certificate of convenience and necessity, and expressly provides that it shall not be construed to be a franchise or irrevocable. There is no provision in the act of 1919 for the revocation by the commission of a certificate of convenience and necessity; but said section 14 of the 1933 act empowers the commission to revoke such certificate for good cause shown, and allows any person aggrieved by such order of revocation to bring suit against the commission to vacate and set aside such order on the ground that it is unlawful or unreasonable. This is the only provision in the 1933 act giving a court the right to review the action of the commission with reference to a certificate of convenience and necessity, and this right of review is given only when such a certificate has been revoked. The granting of such certificate does not constitute an interference with anybody's property rights; it simply gives permission to the grantee to use property belonging to the state, namely, the public highways, for the purpose of private gain, and the granting or refusal to grant such certificate is a matter solely within the province of the legislature, the courts being without power to review the action of the commission unless such power is expressly granted. The legislature has the power to delegate to a commission the authority to grant certificates of public convenience, and when the public service commission grants or refuses to grant such a certificate, its action is administrative, and is to be deemed and taken as the act of the state itself. As the act of 1933 does not permit a review by the courts of the action of the commission in granting a certificate of convenience and necessity, such action is conclusive upon the courts. Courts have power to determine judicial questions only, but in this case no judicial question is presented by the complaint in the district court. Subdivision (a) of amended section 6 of the 1933 act confers no authority

upon the courts; it simply confers full authority upon the public service commission.

It is the opinion of this court that section 33 of the public utilities act of 1919 (sec. 6133 N. C. L. 1929) remains in full force and effect with respect to motor vehicle carriers as well as other public utilities. The act of 1919 conferred no authority on the commission to revoke certificates of public convenience. Section 33 of that act allows any dissatisfied party in interest to bring an action in the district court to vacate and set aside any order of the commission fixing any rates, fares, charges, classifications, joint rate or rates, or any order fixing any regulations, practices or services. It was not until 1933 that the commission was empowered to revoke certificates of convenience and necessity. By further providing, in section 14 of that act, that any person aggrieved might sue in the district court to vacate and set aside an order of the commission revoking such a certificate, the legislature was simply protecting any such person against any unlawful or unreasonable order of revocation. Such an action is entirely different from that provided for in section 33 of the act of 1919 (sec. 6133 N. C. L. 1929). Section 33 of the public utilities act of 1919 and section 14 of the motor vehicle carriers act of 1933 are in nowise inconsistent with or repugnant to each other. We are satisfied that in passing the act of 1933 it was not the intention of the legislature that the district court action provided for in section 33 of the act of 1919 should no longer be applicable to cases involving motor vehicle carriers.

The alternative writ heretofore issued is vacated and set aside, and the petition for writ of prohibition dismissed. The district court will set a time within which petitioners, as defendants in the court below, may answer or further plead to plaintiffs' complaint.