NEVADA–CALIFORNIA TRANSPORTATION COMPANY, INC., A CORPORATION, APPELLANT, v. TONOPAH & GOLDFIELD RAILROAD COMPANY, A CORPORATION, ET AL., RESPONDENTS.

No. 3296

January 4, 1940.                                97 P. (2d) 433.

## OPINION

By the Court, ORR, J.:

On the 28th day of February 1938, the public service commission of the State of Nevada entered an order granting a certificate of public convenience and necessity to Nevada-California Transportation Company, Inc., a corporation, appellant herein, to transport freight as a common carrier over the highways of the State of Nevada between Reno and Tonopah and certain intermediate points.

On the 5th of May 1938, Tonopah & Goldfield Railroad

Company, a corporation, et al., respondents herein, commenced an action in the district court of Ormsby County against appellant and respondent commission to vacate and set aside said order of February 28, 1938.

Appellant appeared in said action and answered. The cause went to trial on April 17, 1939. On April 21, 1939, the trial court, responsive to the requirements of subsection (b) of section 6133 N. C. L. ordered a copy of the evidence adduced at the hearing transmitted to the respondent commission. Respondent commission, because of the absence of one of its members, was unable to reach an agreement, and ordered the copy of the evidence transmitted to it returned to the trial court. The trial court on the 29th day of May, on motion of the respondent commission, ordered the copy of the evidence returned to said commission for further consideration. On the 13th of June 1939, said commission reported to the trial court that it had rescinded its order of February 28, 1938. On the 27th day of July 1939, the trial court, upon motion of respondents, entered an order dismissing the action. From the judgment of dismissal and denial of its motion for a new trial, appellant has appealed.

Plaintiffs and respondents herein have moved this court to dismiss said appeals, upon the grounds that appellant is not aggrieved by said judgment or by said order, and that the questions presented by each of said appeals are moot.

Section 6133 N. C. L. provides for the bringing of an action by a party in interest if he be dissatisfied with an order of the public service commission.

The trial court based its action on subsections (b) and (c) of said section, and inasmuch as subsection (d) makes provision for an appeal, we will also quote it. Said subsections read as follows:

"(b) If, upon the trial of such action, evidence shall be introduced by the plaintiff which is found by the court to be different from that offered upon the hearing

before the commission, or additional thereto, the court, before proceeding to render judgment, unless the parties to such action stipulate in writing to the contrary, shall transmit a copy of such evidence to the commission, and shall stay further proceedings in said action for fifteen (15) days from the date of such transmission. Upon receipt of such evidence the commission shall consider the same, and may alter, modify, amend, or rescind its orders relating to such rate or rates, fares, charges, classifications, joint rate or rates, regulation, practice, or service complained of in said action, and shall report its action thereon to said court within ten days from the receipt of such evidence.

"(c) If the commission shall rescind its order complained of, the action shall be dismissed; if it shall alter, modify, or amend the same, such altered, modified, or amended order shall take the place of the original order complained of, and judgment shall be rendered thereon, as though made by the commission in the first instance. If the original order shall not be rescinded or changed by the commission, judgment shall be rendered upon such original order.

"(d) Either party to said action, within sixty (60) days after the service of a copy of the order or judgment of the court, may appeal or take the case up on error as in other civil actions. Where an appeal is taken to the supreme court of Nevada, the cause shall, on the return of the papers to the higher court, be immediately placed on the calendar of the then pending term, and shall be assigned and brought to a hearing in the same manner as other causes on the calendar."

It is evident the trial court followed the plain directions of the statutes.

■ Subsection (d) provides a right of appeal by either party, but such a right can only be exercised by a party if aggrieved by the action of the trial court.

■■ It may well be that appellant has been aggrieved by the revocation of its certificate of convenience and

necessity but, if that be true, it was not the action of the trial court but that of the public service commission which resulted in injury to appellant, an injury which the trial court could not redress in the action then before it. Conditions changed during the course of the trial. The relief for which plaintiff and respondent was striving was obtained from a separate tribunal. In the trial court, the act of granting the certificate by the commission was attacked by plaintiff and respondent; said act of said commission was therein supported by appellant. The certificate being rescinded, plaintiff and respondent had nothing further to urge upon the trial court, and appellant could not substitute the order of rescission for the order granting the certificate, and have the case proceed to a determination by the trial court of the validity of the act of the commission in rescinding the certificate. As to what remedies may have been open to appellant, we express no opinion; we merely decide that the one chosen is not proper.

Appellant has cited cases wherein appellate courts have, where dismissals have occurred, reviewed intermediate orders, but these have been orders made by the court, and not independent tribunals.

To proceed with the hearing of the appeals would serve no purpose, no matter what action this court might take relative to the dismissal of the action or in ordering a new trial; the grievance of which appellant complains could not be reached; it would find itself in the same position, so far as the commission's order of rescission is concerned, as that in which it now stands.

The motion to dismiss the appeals is granted.

## ON PETITION FOR REHEARING