NEVADA–CALIFORNIA TRANSPORTATION COMPANY, INC., a CORPORATION, PETITIONER, v. THE PUBLIC SERVICE COMMISSION OF THE STATE OF NEVADA, ET AL., RESPONDENTS.

No. 3297

June 5, 1940.                    103 P.(2d) 43.

*James T. Boyd* and *Harley A. Harmon,* for Petitioner.

*Gray Mashburn,* Attorney - General and *W. T. Mathews* and *Alan Bible,* Deputy Attorneys-General, for Respondents.

*Brown & Belford* and *Walter Rowson,* Amici Curiæ.

## OPINION

By the Court, TABER, C. J.:

In February 1938 petitioner obtained from the public service commission a certificate of convenience and

necessity, authorizing it to transport freight as a common carrier on the state highway between Reno and Tonopah and certain intermediate points. In May of the same year, Tonopah & Goldfield Railroad Company, Railway Express Agency, Inc., Pacific Motor Transport Company, and Southern Pacific Company commenced an action in the First judicial district court, Ormsby County, against the public service commission, the members of that commission, and said Nevada-California Transportation Company, Inc., praying that the order granting petitioner said certificate of convenience and necessity be vacated and set aside. Defendants demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, and upon the further ground that said district court had no jurisdiction of the subject matter of the action. The demurrer was overruled, and the commission and petitioner then petitioned this court for a writ of prohibition, which was denied. Public Service Commission v. First Judicial District Court of Ormsby County, 59 Nev. 91, 85 P.(2d) 70. Defendants, in said district court action, then answered the complaint. The cause came on for trial on April 17, 1939.

When the taking of evidence had been concluded, the district court found that evidence introduced by the plaintiffs was different from and additional to that offered upon the hearing before the commission, and transmitted a copy of such evidence to the commission, pursuant to subdivision (b) of section 6133 N. C. L. 1929. Section 6133 is the section under which said district court action was commenced, and subdivision (b) reads as follows: "If, upon the trial of such action, evidence shall be introduced by the plaintiff which is found by the court to be different from that offered upon the hearing before the commission, or additional thereto, the court, before proceeding to render judgment, unless the parties of such action stipulate in writing to the contrary, shall trasmit a copy of such evidence to the

commission, and shall stay further proceedings in said action for fifteen (15) days from the date of such transmission. Upon receipt of such evidence the commission shall consider the same, and may alter, modify, amend, or rescind its orders relating to such rate or rates, fares, charges, classifications, joint rate or rates, regulation, practice, or service complained of in said action, and shall report its action thereon to said court within ten days from the receipt of such evidence."

After receiving said evidence the commission, having considered the same, rescinded its previous order granting a certificate of convenience and necessity to petitioner, and reported its action to said district court on June 13, 1939. Thereupon the court, upon motion of the plaintiffs, and in compliance with the provisions of subdivision (c) of section 6133 N. C. L. 1929, dismissed the action. Defendants moved for a new trial, which was denied. Defendants then appealed to this court, but the appeal was dismissed on January 4, 1940. Nevada-California Transp. Co. v. Tonopah & Goldfield R. Co., 60 Nev. 14, 97 P. (2d) 433. While the appeal was pending, Nevada-California Transportation Company, Inc., on November 13, 1939, petitioned this court for a writ of certiorari, basing its petition upon the grounds: (1) that in rescinding the order granting petitioner a certificate of convenience and necessity, the commission exceeded its jurisdiction; (2) that in rescinding said order, the commission was exercising judicial functions; and (3) that there was no appeal from the commission's order of rescission, nor any plain, speedy and adequate remedy.

Respondents have moved this court to quash the writ and dismiss this proceeding, upon the ground that the commission, in entering the order complained of, was not exercising judicial functions.

As this court is of the opinion that the commission, in making the order of rescission, did not exceed its jurisdiction, and regularly pursued its authority, it

becomes unnecessary to rule on the motion to quash and dismiss or to decide whether petitioner had or has any plain, speedy and adequate remedy.

■ Some of the contentions made by petitioner have heretofore been passed upon by this court in the case of Public Service Commission v. First Judicial District Court of Ormsby County, 59 Nev. 91, 85 P.(2d) 70, in which it was held that an action to vacate an order of the public service commission granting a certificate of convenience and necessity may be maintained in the district court under the provisions of section 6133 N. C. L. 1929. The first part of the second sentence in the fifth paragraph of section 6137 N. C. L. 1929 should be read in connection with said section 6133. It reads as follows: "Every order refusing or granting any certificates of public convenience, or granting or refusing permission to discontinue, modify, or restrict service, as provided in this section, shall be prima facie lawful from the date of the order until changed or modified by the order of the commission or in pursuance of section 33 of this act; * * *."

Petitioner contends that the order of rescission was invalid because the clear provisions of subdivision (b) of section 6133 N. C. L. 1929 were not complied with, the commission having failed to report its action to the trial court within ten days from the receipt of the copy of evidence transmitted to it by said court. The record discloses that within said time, and on May 5, 1939, the commission made and transmitted to that court an order from which we quote the following:

"It Now Appearing, That the present Commission has read and considered all of the above transcript; and

"It Further Appearing, That one of the members of the Commission, namely Alfred Merrit Smith, who was one of the Commission signing the original order granting Nevada-California Transportation Company, Inc., a certificate of public convenience and necessity, is now in Washington, D. C. on other state business; and,

"It Further Appearing, That Commissioner Smith has stated that he could not return to Nevada within the time provided by law for the Commission to return its report herein to the Court; and

"It Now Appearing, That the two Commissioners present cannot come to an agreement whether they shall sustain, rescind, alter or amend the former order of said Commission.

"It Is Ordered, That a copy of this order, together with the transcript of the evidence submitted to the Court, be transmitted forthwith to the Honorable Clark J. Guild, Judge of the First Judicial District Court of the State of Nevada, in and for the County of Ormsby, to there be dealt with as to said Judge shall be deemed meet."

On May 29, 1939, on motion of the attorney-general, the court again ordered the evidence transmitted to the commission. Petitioner made no objection, nor did it take any exception, to this action of the court, though its counsel was present when the order was made. On June 5, 1939, by reason of further absence on state business of one of the members of the commission, the court, on application of the commission, stayed all proceedings in the action and allowed the commission to and including June 19, 1939, within which to report its action to the court. The commission, as we have seen, made its report on June 13, 1939. The record does not show that petitioner was represented when the order of June 5 was made. However, that order was not thereafter complained of by petitioner otherwise than by its objection, taken at other stages of the proceedings, to the jurisdiction of the court to proceed at all under said section 6133.

■■ We are satisfied that the provision of subdivision (b) of section 6133 N. C. L. 1929, prescribing the period of time within which the commission shall report to the court is not mandatory, but only directory. It seems unreasonable to attribute to the legislature, under

such circumstances as were made to appear in the court below, an intent to nullify the action of the commission because its action and report, taken and made within the time allowed by the court, were not so taken and made within ten days after its first receipt of the copy of evidence. 59 C. J. 1078, 1079, sec. 634; 25 R. C. L. 766, 767, 769, secs. 14, 16. We think the court was authorized, under the circumstances, to stay proceedings beyond fifteen days from the original date of transmission, and that in doing so it acted reasonably, not arbitrarily.

Petitioner contends that under the due process clause it was entitled to notice and hearing before the public service commission before that body could lawfully issue an order revoking its certificate, and that the commission gravely erred in not giving due notice and affording petitioner an opportunity to appear and be heard. But this court has decided that the action brought by plaintiffs in the district court was maintainable under the provisions of section 6133 N. C. L. 1929. In that action the petitioner, as one of the defendants, was duly served with process, appeared and participated in the trial. When the taking of evidence was completed, petitioner did not offer, and plaintiffs did not refuse, to stipulate that the trial court proceed to determine whether the order granting petitioner a certificate of convenience and necessity should be vacated. Under the express provisions of subdivision (b) of section 6133 N. C. L. 1929, the parties could have stipulated that the trial court proceed to a judicial determination of the issues involved without transmitting the evidence to the commission. As petitioner did not offer, and the plaintiffs in said action did not refuse, so to stipulate, petitioner is in no position to urge want of due process.

The court is not to be understood as holding that petitioner was or is without any remedy in seeking relief from the order of rescission.

It is ordered and adjudged that the writ be denied.

ON PETITION FOR REHEARING

August 24, 1940.

*James T. Boyd* and *Harley A. Harmon,* for Petitioner.

*Gray Mashburn,* Attorney - General, and *W. T. Mathews* and *Alan Bible,* Deputy Attorneys-General, for Respondents.

*Brown & Belford* and *Walter Rowson,* Amici Curiæ.

*Per Curiam:*

Upon reading and considering the petition for rehearing filed herein on July 3, 1940, the reply of respondents to said petition filed on July 25, 1940, and the reply of amici curiæ to said petition filed July 24, 1940, it is ordered that the petition for rehearing be, and the same is hereby, granted; it is further ordered that said rehearing be, and the same is hereby, set for Tuesday, the 24th day of September 1940 at the hour of 10 o'clock a. m.

ON REHEARING

January 3, 1941.                                108 P. (2d) 850.

*Harley A. Harmon,* for Petitioner.

*Gray Mashburn,* Attorney-General, *W. T. Mathews* and *Alan Bible,* Deputy Attorneys-General for Respondents.

*Brown & Belford* and *Walter Rowson,* Amici Curiæ.

## OPINION

By the Court, TABER, C. J.:

Petitioner was granted a certificate of public convenience by the public service commission of Nevada. The order granting the certificate was later set aside; the present proceeding in certiorari seeks to have this order annulled. These matters are set forth more fully in Public Service Comm. v. Dist. Ct., 59 Nev. 91, 85 P. (2d) 70; Nevada-California Transp. Co. v. Tonopah, etc., R. Co., 60 Nev. 14, 97 P. (2d) 433; Nevada-California Transp. Co. v. Public Service Comm., 60 Nev. 310, 103 P. (2d) 43.

Following the decision in the last case cited, a rehearing was granted. In this paragraph a summary is given

of the position taken by petitioner on the rehearing: Those desiring the setting aside of the commission's order granting petitioner a certificate of public convenience did not apply to the commission in the first instance for an order revoking said certificate, pursuant to the provisions of section 14 of the motor vehicle act, Stats. 1933, c. 165; without first making such an application, they could not maintain an action in the district court for vacating, setting aside or rescinding said order; furthermore, section 6133 N. C. L. 1929, does not authorize such an action as that brought in the district court; the entire series of proceedings from the time the district court erroneously assumed jurisdiction under color of said section is without any legal foundation, and null and void; the motor vehicle act of 1933 takes precedence over other state statutes affecting motor vehicle carriers; section 14 of the 1933 act is the only Nevada statute authorizing the commission to revoke a certificate once granted; no such provision is to be found in the public service commission act of 1919, Comp. Laws, section 6100 et seq.; neither the 1919 act nor the 1933 act authorizes a district court action for rescinding an order granting a certificate of public convenience; the commission set aside its order granting petitioner a certificate of public convenience without any notice by, or hearing before, said commission, and without good cause shown, in violation of the provisions of said section 14 of the 1933 act; the fact that petitioner was given the opportunity to be heard in the district court action does not meet the requirements of due process under the constitution, because the district court was wholly without jurisdiction to entertain that action; the words "fixing any regulations, practices or services" used in section 6133 N. C. L. 1929 cannot be stretched to include within their meaning the granting of a certificate of public convenience; the words "changed or modified," in the fifth paragraph of section 6137 N. C. L. 1929 cannot properly be interpreted as including "rescinded," or "vacated," or "set aside" within

their meaning; in order to properly construe section 33 of the public service commission act of 1919, section 6133 N. C. L. 1929, it is necessary to read sections 25 to 33, both inclusive, of the same act, sections 6125 to 6133 N. C. L. 1929; these sections form a distinct subdivision of the act, dealing with the same subject and prescribing what is to be done, step by step, from beginning to end; said section 25, section 6125 N. C. L. 1929 furnishes the key to all that follows; the exclusive scope of complaints filed under section 25 is the rates or charges made by a public utility, or the service given; section 33 simply provides for the usual legal recourse in instances where a utility believes that it has good grounds to resist an order, affecting its rates or services, which the commission has made after the investigation and hearing provided for in section 25 and the following sections; section 33 is an appeal procedure, placed in the statute for the benefits of a utility against which an unlawful or unreasonable order might be directed by the commission; if sufficient grounds exist for rescinding such an order, its rescission is entirely reasonable; it leaves the utility where it was before; its contentions have been upheld and it has suffered no injury; but when section 33 is invoked for the purpose of rescinding a certificate already granted, the district court action, instead of protecting the rights of the party directly in interest, has an opposite effect; in this latter case the order of rescission made pursuant to such court action does not leave matters as they were before, but puts the certificate holder out of business.

■ After defendants' demurrer to plaintiffs' complaint in the district court action was overruled, defendants, of whom petitioner herein was one, applied to this court for a writ prohibiting the district court and its judge from taking any further proceedings in said action, except to dismiss the same. Public Service Commission et al. v. District Court, supra. In their brief in that proceeding, petitioners expressly stated that the

provisions of the 1919 act authorized a district court action for the review of an order of the commission granting a certificate of public convenience. We quote from that brief: "Nowhere in the Act (of 1933) are there any provisions made for a review of the Commission's action in granting the certificate of convenience and necessity as is contained in section 36½ of the Public Utility Act (sec. 6137 N. C. L. 1929)." Again, in the same brief: "There is no provision in the Public Utility Act for the revocation of the certificate of convenience and necessity by the Commission, but there is the provision with reference to appealing to the courts from 'every order refusing or granting any certificates of public convenience' (sec. 6137 N. C. L. 1929)." Petitioner is in no position to complain of this court's action in accepting these statements when considering the prohibition proceeding. In that proceeding the position taken by the petitioners was not that there are no provisions in the public utility act of 1919 authorizing a review by the district court of an order of the commission granting a certificate of public convenience, but that said provisions have no application to motor vehicle carriers because they were superseded as to that kind of carriers by the motor vehicle act of 1933. We observe further that petitioners in that case did not contend, as petitioner does in the instant certiorari proceeding, that it was necessary for plaintiffs in the district court action to apply in the first instance to the commission for an order revoking petitioner's certificate before resorting to any court action. It will thus be seen that in two important particulars petitioner in the pending proceeding has changed its position from that taken in the prohibition case.

Section 14 of the motor vehicle act of 1933 authorizes any person aggrieved by an order of the commission revoking a certificate of public convenience to commence an action in the district court for vacating and setting aside such order. No such right is given to any

person aggrieved by an order of the commission refusing to revoke such a permit. In the prohibition case, Public Service Commission v. District Court, supra, it was held that the legislature, in authorizing a district court action by a person aggrieved by an order of the commission revoking a certificate of public convenience, was simply protecting such person against any unlawful or unreasonable order of revocation. It was further held in that case that the provisions of section 33 of the public service commission act ·of 1919, section 6133 N. C. L. 1929, were not superseded by the motor vehicle act of 1933.

No petition for rehearing was filed in the prohibition case; instead, defendants in the district court action (petitioners in the prohibition proceeding) filed their answer and went to trial. As the result of that trial, the order heretofore made granting petitioner a certificate of public convenience was set aside by the commission, and the district court action dismissed on application of the plaintiffs pursuant to paragraph (c) of said section 33 of the public· service commission act of 1919, section 6133 N. C. L. 1929. An appeal was taken to this court from the judgment of dismissal, but the appeal was dismissed. Nevada-California Transp. Co. v. Tonopah, etc., R. Co., supra. Thereupon the instant proceeding in certiorari was instituted, based upon petitioner's contention that the commission had exceeded its jurisdiction and had not regularly pursued its authority in setting aside its previous order granting petitioner a certificate of public convenience. In asking this court to annul the order of the commission setting aside its previous order granting the certificate of public convenience, petitioner is asking the court to reverse its decision in the prohibition case, because its contention that the commission's order was null and void is based upon the proposition that the district court was wholly without jurisdiction of the action commenced in that court to set aside the order granting the certificate.

■ The points determined in the prohibition case should not be unsettled except for very weighty and conclusive reasons. Maitia v. Allied L. & L. S. Co., 49 Nev. 451, 461, 248 P. 893; Evans v. Cook, 11 Nev. 69. The situation here, though not the same, is similar in principle to that in Barrett v. Franke, 48 Nev. 175, 177, 228 P. 306, and in Bottini v. Mongolo, 45 Nev. 252, 254, 255, 200 P. 451.

■ We do not hold that the decision in the prohibition case absolutely deprives this court of jurisdiction or power to reverse the rulings in that case in the proceeding at bar. If the court were convinced that its ruling in the prohibition case was clearly and palpably erroneous, and that the decisions in that case and the present one were inconsistent and unjust, it would be our duty to correct rather than perpetuate the errors. Not being so convinced, the court should not disregard the salutary rule of stare decisis. This is particularly true here, where the parties are for the most part the same and the litigation has arisen out of practically the same facts. It is true that, in the present proceeding, it is sought to annul an order of the public service commission, while in the prohibition case the purpose of the proceeding was to prevent the district court from going any further with the action commenced in that court by petitioner's opponents; but the alleged invalidity of the commission's order sought to be nullified is based upon the same contention as that in the prohibition case, namely, that the district court was without any jurisdiction whatever of the action to set aside the commission's order granting petitioner's certificate.

■ Certiorari is not granted as a matter of right, but in the sound discretion of the court. Nevada Lincoln Co. v. Dist. Ct., 43 Nev. 396, 402, 187 P. 1006. In the prohibition case the petitioner took a certain position. After the decision in that case, and after failing to file a petition for a rehearing therein and answering and going to trial in the district court action, petitioner now comes into this court in the instant proceeding

324

taking a position materially different from that in the prohibition case.

In view of what has been said it would not, in our opinion, be the exercise of a sound discretion to grant petitioner's prayer in this proceeding. It is, therefore, again ordered and adjudged that the writ be denied.