THE PUBLIC SERVICE COMMISSION OF THE STATE OF NEVADA, C. B. SEXTON, CHARLES V. WILLIAMS AND ALFRED MERRITT SMITH, AS MEMBERS OF SAID COMMISSION, PETITIONERS, *v.* EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, AND HONORABLE GEORGE E. MARSHALL, AS PRESIDING JUDGE OF SAID COURT, RESPONDENTS.

No. 3354

March 19, 1942.                           123 P. (2d) 237.

*Gray Mashburn,* Attorney-General, and *W. T. Mathews* and *Alan Bible,* Deputy Attorneys-General of Carson City, for Petitioners.

*Harold M. Morse* and *Madison B. Graves,* both of Las Vegas, for Respondents.

## OPINION

By the Court, TABER, J.:

On September 29, 1941, the public service commission made the following order: "It Appearing That there has been filed with the Public Service Commission of Nevada By R. C. Barton and Shirley Brown, doing business as Ely-Las Vegas Bus Lines, a complaint that Dave Wolzinger, doing business as Pony Express Stages, is operating motor vehicles in the transportation of passengers between points on U. S. Highways 50 and 93, wholly in the State of Nevada, without a certificate of public convenience and necessity and in violation of Section 6137, Nevada Compiled Laws, 1929, and Section 7 of Chapter 165, Statutes 1933, as amended. It is Ordered by the Commission upon its own motion that Dave Wolzinger shall appear before the Commission at the Hearing Room of the Nevada Hotel at Ely,

Nevada, at 9:00 A. M. October 29, 1941, and show cause, if any he may have, why the Commission should not order him to cease and desist in acting as a common carrier of passengers in intrastate commerce within Nevada in pursuance of Section 6137, Nevada Compiled Laws, 1929, and Section 7 of Chapter 165, Statutes 1933, as amended, and why, pursuant to Section 15 of Chapter 165, Statutes 1933, action should not be begun with a view in enforcing the penalties prescribed in said section for conducting common carrier operations without first having secured a certificate of public convenience and necessity therefor. It Is Further Ordered That Dave Wolzinger shall bring with him records of all ticket sales made by any of his agents or drivers from July 1, 1940 to October 15, 1941." Said order was made pursuant to section 6(b) of the motor vehicle carriers act. Chap. 152, Stats. of Nevada, 1937, p. 339.

On October 25, 1941, in the Eighth judicial district court, Clark County, Wolzinger commenced an action against the public service commission praying that it be enjoined from holding any hearing on or under said order to show cause, or any similar order, and from taking any further steps or proceedings thereunder or referred to therein, or any other similar order. The complaint alleges that plaintiff is a citizen of the United States, a resident of the State of California, and that since July 1940 he has been engaged in business as a common carrier of passengers and their baggage in interstate commerce between Salt Lake City, Utah, and Los Angeles, California, via Ely, Pioche, and Las Vegas, Nevada, and other Nevada points, all under and by virtue of the authority granted him by the interstate commerce commission of the United States. It is further alleged: that the commission is without authority to enter or enforce its said order, but threatens to and will, unless restrained by this court, proceed with the hearing referred to therein; that the commission has subpenaed certain of plaintiff's employees and agents

at Las Vegas, Ely and elsewhere and requires their attendance at said hearing; that since commencing operations as a common carrier in interstate commerce as aforesaid, plaintiff has built up a business of a value in excess of $10,000; that "plaintiff's business has been, is and will be disrupted by the entry and carrying out of said Order and by the holding of the hearing thereon and plaintiff, his business and property rights, will suffer great and irreparable damage, for which he has no plain, speedy or adequate remedy at law in this, that he, his agents, employees and attorneys will be required to be and appear before said Commission and said defendants as Commissioners, and to prepare records for the use of said Commission, all of which does and will continue to disrupt, interrupt and interfere with his service as a common carrier in interstate commerce and will cause him to be subjected to a multiplicity of baseless suits and prosecutions and will cause his reputation to suffer, all of which will ruin and destroy the business he has built up." A copy of the complaint is attached as an exhibit to the petition herein.

In support of his application for a restraining order in said action, plaintiff filed an affidavit setting forth that on September 3, 1941, the commission made an order similar to the said order of September 29, 1941, and practically identical therewith, except that no such provision as the last sentence of the order of September 29 was incorporated in that of September 3. The affidavit stated further that the hearing which was to have been held under the order of September 3 was set for September 16, at which time his employees, who had been subpenaed, appeared at Ely after traveling hundreds of miles at plaintiff's expense, he having in the meantime been compelled to make various changes in his staff of employees, and to add employees. Affiant said further that because of said order of September 3 and said subpenas, he was forced to and did expend large sums of money, his business was disrupted for a

period of several days and that by reason of the order of September 29 many of his employees had been and would again be subpenaed, thus subjecting him to further expense, and to further interruption and molestation in the conduct and operation of his business.

Upon the filing of said affidavit and an undertaking for preliminary injunction, the district court, on October 25, 1941, issued a restraining order by °the terms of which the commission was restrained from holding any hearing under its order of September 29, or any hearing under any similar order; and from taking any other or further steps or proceedings referred to in the order of September 29. In said restraining order the court ordered the commission to show cause on November 21, 1941, why it should not be enjoined as aforesaid pending the hearing on said order of October 25 and the final determination of said district court action.

On said 21st day of November 1941 the petition in this proceeding was filed and an alternative writ of prohibition issued, to which on December 17, 1941, respondents demurred upon the ground that the petition does not state facts warranting or authorizing the issuance of a writ of prohibition, and upon the further ground that the petition shows on its face that at the time it was filed the district court had jurisdiction of the parties in said action and of the subject matter thereof, and still has such jurisdiction, subject only to the alternative writ herein. On said pleadings the matter was submitted for decision.

■ Section 7 of the motor vehicle carriers act, as amended, Stats. of 1935, chap. 126, pp. 263, 264, provides in part: "It shall be unlawful for any common motor carrier of property and/or of passengers to operate as a carrier of intrastate commerce within this state without first having obtained from the public service commission a certificate of convenience and necessity." This is a valid requirement. Eichholz v. Public Service Commission, 306 U. S. 268, 59 S. Ct. 532, 83 L. Ed. 641;

Interstate Busses Corp. v. Holyoke St. Ry., 273 U. S. 45, 47 S. Ct. 298, 71 L. Ed. 530; Tips v. Railroad Commission of Texas, Tex. Civ. App., 110 S. W. (2d) 585; Haselton v. Interstate Stage Lines, 82 N. H. 327, 133 A. 451, 47 A. L. R. 218; Lowe v. Stoutamire, 123 Fla. 135, 166 So. 310, 311; Midwestern Motor Transit, Inc. v. Public Utilities Commission, 126 Ohio St. 317, 185 N. E. 194.

■■ The district court was and is without jurisdiction to enjoin the commission from conducting a hearing on the complaint of Barton and Brown. In the absence of fraud or gross abuse, equity cannot interfere with, or in advance restrain, the discretion of an administrative body's exercise of legislative powers. Vincennes Water Supply Co. v. Public Service Commission, 7 Cir. 34 F. (2d) 5; McChord v. Louisville & Nashville R. Co., 183 U. S. 483, 22 S. Ct. 165, 46 L. Ed. 289; New Orleans Water Works v. New Orleans, 164 U. S. 471, 17 S. Ct. 161, 41 L. Ed. 518; Missouri Power & Light Co. v. Lewis County Rural Electric Coop. Ass'n., 235 Mo. App. 1056, 149 S. W. (2d) 881; State v. Blair, 347 Mo. 220, 146 S. W. (2d) 865; State v. Ridge, 345 Mo. 1096, 138 S. W. (2d) 1012; State v. Abel, Wash., 116 P. (2d) 522; Junction Water Co. v. Riddle, 108 N. J. Eq. 523, 155 A. 887; Hayward v. State Corporation Commission, 151 Kan. 1008, 101 P. (2d) 1041.

The order of September 29, 1941, was not an order of the commission fixing any rate or rates, fares, charges, classifications, joint rate or rates, or an order fixing regulations, practices or services, within the meaning of sec. 6133, N. C. L. 1929. It was simply an order that a hearing be had, and fixing the place and time for it. This makes inapplicable the cases of Public Service Comm. v. Dist. Ct., 59 Nev. 91, 85 P. (2d) 70; Nevada-California Transp. Co. v. Tonopah & Goldfield R. Co., 60 Nev. 14, 97 P. (2d) 433; Nevada-California Transp. Co. v. Public Service Commission, 60 Nev. 310, 103 P. (2d) 43, rehearing 60 Nev. 317, 108 P. (2d) 850.

■ Respondents contend that prohibition should be denied for the reason that the jurisdiction of the district

court was not first challenged in that tribunal. This contention accords with the general rule. State ex rel. Ward v. Fifth Judicial District Court, 54 Nev. 156, 9 P. (2d) 681. But where, as in the case at bar, the lack of jurisdiction is apparent on the face of the record, and the questions involved relate to or affect public interests or public affairs, no jurisdictional objection need be made in the district court. Los Angeles v. Eighth Judicial District Court, 58 Nev. 1, 67 P. (2d) 1019; Schofield v. Melton, 166 Okl. 64, 25 P. (2d) 279; Fueller v. Justice's Court of Encinitas Tp., 134 Cal. App. 305, 25 P. (2d) 248; State v. Parks, 94 Fla. 91, 113 So. 702; State v. Gibbes, 171 S. C. 209, 172 S. E. 130; Annotation, 35 A. L. R. 1090, 1094; 5 Bancroft's Code Pr. and Rem., p. 5303, n. 11.

■ Respondents further contend that the writ should be denied for the reason that petitioners had other plain, speedy and adequate remedies in the ordinary course of law, namely, (1) a motion to set aside and vacate the temporary restraining order, followed by an appeal to this court in the event of an adverse ruling; or, (2) a direct appeal from the issuance of the temporary restraining order in the first instance. But neither of these remedies would be speedy and adequate. The complaint made to the commission by Barton and Brown involves not only the alleged violation by Mr. Wolzinger of amended section 7 of the motor vehicle carriers act, Stats. of Nev. 1935, pp. 263, 264, but also the alleged commission by him of a misdemeanor under the provisions of section 15 of that act. Stats. of Nev., 1933, chap. 165, pp. 222, 223. The proceedings in the district court action and an appeal by defendants therein in the event of an adverse decision would consume many months, during which plaintiff in said action, if the charges against him are well founded, might continue to violate the provisions of said amended section 7 and said section 15 of the motor vehicle carriers act. To withhold the writ under such circumstances would not be exercising a proper discretion. State v. Fisk, 15 N. D.

219, 107 N. W. 191; Hislop v. Rodgers, 54 Ariz. 101, 92 P. (2d) 527; State v. District Court in and for Silver Bow County, 91 Mont. 240, 6 P. (2d) 873; Evans v. Superior Court, 14 Cal. (2d) 563, 96 P. (2d) 107.

Besides ordering a hearing and setting a place and time therefor, the order of September 29, 1941, as we have seen requires that "Dave Wolzinger shall bring with him records of all ticket sales made by any of his agents or drivers from July 1, 1940, to October 15, 1941." Respondents contend that this part of the order is in effect a "fishing expedition," and that it is a blanket order for the production of all books or records relating to ticket sales, interstate as well as intrastate. They also claim that the order is an attempt to require Wolzinger to furnish evidence against himself as the basis for a criminal prosecution. We do not decide whether respondent's objections to the order of production of records of ticket sales are well grounded. If they are, equity will not take jurisdiction until resort be first had to other adequate available remedies. Standard Oil Co. of Louisiana v. Louisiana Public Service Commission, 154 La. 557, 97 So. 859; Carlisle v. Bennett, 268 N. Y. 212, 197 N. E. 220.

The writ is made permanent.

## ON PETITION FOR REHEARING

May 12, 1942.

*Per Curiam:*

Rehearing denied.