EAGLE THRIFTY DRUGS & MARKETS, INC., APPELLANT, v. HUNTER LAKE PARENT TEACHERS ASSOCIATION, ET AL., RESPONDENTS.

No. 5454

July 17, 1968                                    443 P.2d 608

---

*Sidney W. Robinson* and *Frank Cassas, Jr.,* of Reno, for Appellant.

*Laurance M. Hyde, Jr.,* and *Jerry Carr Whitehead,* of Reno, for Respondents.

## OPINION

By the Court, Mowbray, J.:

This is an appeal from the issuance of a preliminary injunction by the district court which restrains appellant from pursuing its "appeal" before the city council of the City of Reno from a recommendation of the regional planning commission recommending that appellant's request for rezoning of certain property be denied.

The use of the word "appeal" in this context, though based upon section 16.12.330 of the Reno Municipal Code, is misleading. Under NRS 268.250[1] the power of a city council to divide the city into districts and regulate the use of premises therein may be exercised only by ordinance. Therefore, the city council cannot, by ordinance, vest in the regional planning commission or other planning body any power of decision from which an "appeal", in the proper legal sense, may be

[1] NRS 268.250. "City may be divided into districts.
"1. For any and all of the purposes enumerated in NRS 268.240, the city council may, by ordinance, divide the city into districts of such number, shape and area as may be deemed suitable to carry out the purposes of NRS 268.230 to 268.300, inclusive; and within districts it may regulate and restrict the erection, construction, reconstruction, alteration, repair or use of buildings, structures or land.
"2. All such regulations shall be reasonable and uniform for each class or kind of buildings throughout each district and for the kind and class of business or industry carried on in each district, but the regulations in one district may differ from those in other districts."

taken. On the contrary, the planning commission recommends, and the governing body decides.

This relationship is correctly set forth in section 16.12.320 (c):

"Report to city council: Within forty days following the public hearing, the planning commission shall file a written report with the city council relative to the proposed change or amendment. Such written report shall recommend one of the following:

"(1) Approval of the proposed change or amendment.

"(2) Disapproval of the proposed change or amendment.

\* \* \* \* \*"

Appellant's recourse, therefore, after the adverse action of the regional planning commission upon its request, is to seek to persuade the city council not to follow that recommendation. It is this pursuit of the original application which the district court must be understood to have enjoined.

The underlying facts may be briefly stated as follows. Approximately 20 years ago, the Reno City Council zoned certain areas of the southwest portion of Reno. The subject property of this litigation, approximately 3½ acres, was zoned at this time. The property is located on the northwest corner of the intersection of Hunter Lake and Mayberry Drives. Most of the property was zoned R–2, limited multiple residential, which allowed single-family residences, apartments, churches, etc. Approximately 15 percent of the property is zoned C–la, limited commercial. This portion of the property is adjacent to Mayberry Drive. All of the adjacent land has been zoned R–2.

Shortly after the adoption of the zoning, the then owners attempted to have the entire parcel of land rezoned for commercial use. The regional planning commission refused so to recommend. The application was denied by the Reno City Council. Thereafter, in reliance on the zoning, the Hunter Lake School was constructed adjacent to the subject property.

In 1961 and 1962, similar applications for a change of zoning were denied by the city council on recommendation of the regional planning commission.

In August 1964, appellant Eagle Thrifty Drugs & Markets, Inc., purchased the property. It does not contend that it was unaware of this prior history. In October 1964, it sought identical zoning. Both the regional planning commission and the city council again acted adversely.

In 1965, the City of Reno again proclaimed its view regarding the zoning of this property by adopting, in conjunction

with the Washoe County Commissioners and upon the recommendation of the regional planning commission, a general plan of development for the City of Reno. Here again the subject property was declared residential.

In October 1966, appellant again filed an application for rezoning. Again it was heard, and denial was recommended by the regional planning commission. This recommendation was not brought before the city council.

Shortly after this attempted change of zoning, a group of citizens offered to purchase the land from the appellant, for the purpose of donating it to the city as a park. The offer was refused.

In June 1967, appellant again filed an application with the regional planning commission. This application was a photocopy of the October 1966 application and identical with it in every respect. It was heard and rejected by the regional planning commission.

The present "appeal" to the city council was commenced. Respondents, rather than continue to contest the granting of the application, sought the injunctive relief from the district court which is the subject of this appeal.

Both parties have extensively discussed whether, under these circumstances, the district court could enjoin the city council from considering or granting the change of zoning requested. This question, though germane to respondents' original action for relief, is not presented by this appeal. We therefore intimate no view upon it.

We consider this case as one in which the respondents (plaintiffs below) have applied to the district court to enjoin the appellant from pursuing a course of vexatious litigation. Meredith v. John Deere Plow Co., 261 F.2d 121 (8 Cir. 1958), *cert. denied,* 359 U.S. 909 (1959); Boyajian v. Hart, 44 N.E.2d 964 (Mass. 1942).

Although counsel have cited us no direct precedent for the application of this doctrine to requests for rezoning, there are cases which intimate that it would be so applied under proper circumstances or absent a narrow statutory prescription of remedy. Smith v. Board of Appeals of Plymouth, 163 N.E.2d 654 (Mass. 1960); Baederwood Center v. Putney, 133 A.2d 836 (Pa. 1957). The record of successive proceedings relating to the subject property amply demonstrates, if any demonstration were needed, the burden of expense, legal representation, and personal inconvenience which must be borne by those opposing such an application. If it is not borne, and if the city council grants the application, valid grounds for opposing it

later may not be available before the courts. McKenzie v. Shelly, 77 Nev. 237, 362 P.2d 268 (1961); Urban Renewal Agency v. Iacometti, 79 Nev. 113, 379 P.2d 466 (1963).

We therefore do not hesitate to break new ground. The common law is the rule of decision in the courts of this State. NRS 1.030. "* * * capacity for growth and adaptation is the peculiar boast and excellence of the common law." Hurtado v. California, 110 U.S. 516, 530 (1884). We hold that relief by injunction may be granted to restrain the making or pursuit of an application for rezoning where such application has repeatedly been denied on its merits and no change of circumstances has intervened.

The record in this case amply demonstrates that the same application has been presented by the appellants and their predecessors six times and denied on its merits (at some stage) each time.

The order of the trial court, modified as above explained to apply to the further pursuit of its application by the appellant and limited in duration until there is a showing of changed circumstances relating to the subject property or until the planning commission or city council undertakes a general rezoning of the area embracing this property, is affirmed.

COLLINS and BATJER, JJ., concur.

THOMPSON, C. J., and ZENOFF, J., dissenting:

1. The legislature has authorized the "governing body" to provide for zoning districts [NRS 278.250] and to establish the administrative machinery to amend, supplement and change zoning districts. NRS 278.260. The City of Reno did so and, among other things, has granted the right to seek a change of land use after six months following denial of an application for the same or similar change of land use. Reno Municipal Code Sec. 16.12.320. All the applicant need do is apply and pay the required fee. This is precisely what Eagle Thrifty did.

The right to pursue the recourse granted by ordinance may not be defeated by court intervention unless there exists an equitable basis upon which the court may act. We read the district court's opinion to mean that Eagle Thrifty acted in good faith in pursuing its right to have the City Council review the Planning Commission's denial of its application for a zoning change. The district court wrote: "In this connection the court does not cast any reflection on Eagle Thrifty's various applications herein—they are authorized by the ordinance. The fault, if any, lies in the ordinance itself."

The good faith pursuit of a legal right does not furnish a basis for a court to grant the equitable relief of injunction, and none of the cases cited in the majority opinion suggests that this is so. Indeed, injunctive relief was denied for want of equitable jurisdiction in Baederwood Center v. Putney, 133 A.2d 836 (Pa. 1957), and Smith v. Board of Appeals of Plymouth, 163 N.E.2d 654 (Mass. 1960). The analogy between this case and the "vexatious litigation" cases which the majority attempts to draw is inapposite, for two solid reasons. First, the administrative steps pursued by Eagle Thrifty are not litigation. Second, the district court found that Eagle Thrifty acted in good faith. This finding cannot be squared with vexatious conduct.

2. The court has rewritten the ordinance to accomplish a result. The holding—relief by injunction may be granted to restrain the making or pursuit of an application for rezoning where such application has repeatedly been denied on its merits and no change of circumstances has intervened—finds no support in the language of the ordinance. The precondition of a change of circumstances cannot be found. Neither is there a limitation upon the number of applications which may be presented. These are matters for City Council correction if correction is deemed warranted. It is not our business to write a new city ordinance.

3. Finally, the court below would be without power to enjoin the City Council from entertaining Eagle Thrifty's request to review the denial of the Planning Commission. Public Service Commission v. Court, 61 Nev. 245, 123 P.2d 237 (1942). "[E]quity cannot interfere with, or in advance restrain, the discretion of an administrative body's exercise of legislative powers." Id. at 250. This established principle may not be avoided by the expedient of directing the injunction to the applicant instead of the City Council.

Respectfully, we dissent.