EAGLE THRIFTY DRUGS & MARKETS, INC., PETITIONER, v. HUNTER LAKE PARENT TEACHERS ASSOCIATION, ET AL., RESPONDENTS.

No. 5454

March 13, 1969                                      451 P.2d 713

*Sidney W. Robinson* and *Frank Cassas, Jr.,* of Reno, for Petitioner.

*Laurance M. Hyde, Jr.,* and *Jerry Carr Whitehead,* of Reno, for Respondents.

## OPINION ON REHEARING

By the Court, THOMPSON, J.:

On the appeal of this case we held that injunctive relief may be granted to restrain the making or pursuit of an application for rezoning where such application has repeatedly been denied on its merits and no change of circumstances has intervened. Eagle Thrifty v. Hunter Lake P.T.A., 84 Nev. 466, 443 P.2d 608, 610, 611 (1968), two Justices dissenting. We granted rehearing to reconsider that holding because of our concern that it may unjustifiably intrude upon the legislative zoning authority of the City of Reno.

The Regional Planning Commission had denied a 1967 application by Eagle Thrifty to rezone for commercial use about three and one-half acres of land on the northwest corner

of Hunter Lake and Mayberry Drives in Reno, Nevada. This was the fourth such application for the rezoning of that property made by Eagle Thrifty, and on each occasion the commission declined to recommend a zoning change. As authorized by Reno Municipal Code Sec. 16.12.330, Eagle Thrifty sought to have the Reno City Council review the recommendation of the commission. Its attempt to do so was blocked by court injunction issued at the request of the Hunter Lake P.T.A. The appeal from the district court's ruling centered upon the propriety of court intervention in these circumstances, and a divided court upheld court injunctive relief. Upon further reflection a majority of this court believes that error occurred in so ruling.

1. Zoning is a legislative matter [McKenzie v. Shelly, 77 Nev. 237, 362 P.2d 268 (1961)], and the legislature has acted. It has authorized the "governing body" to provide for zoning districts [NRS 278.250] and to establish the administrative machinery to amend, supplement and change zoning districts. NRS 278.260. The City of Reno did so and, among other things, granted one the right to seek a change of land use after six months following a denial of an application for the same or similar change of land use. Reno Municipal Code Sec. 16.12.320. All the applicant need do is apply and pay the required fee. The code does not limit the number of successive applications which may be presented. Neither does the code require the applicant to show a change of circumstances since the last denial of his application as a precondition to submitting another one. Finally, the code allows an unsuccessful applicant before the planning commission to seek City Council review. This is precisely what Eagle Thrifty did, but council review was frustrated by court intervention and injunction.

2. Judicial intrusion upon the legislative zoning authority of the City is sought to be sustained on two grounds. Initially, the P.T.A. asserts that the City Council would be powerless to grant a zoning change absent a change of circumstances, and reasons that it therefore was proper to preclude council review since such review would be meaningless. The cases relied upon to suppport this assertion [Whittle v. Board of Zoning Appeals, 125 A.2d 41 (Md.App. 1956); Holly Development, Inc. v. Board of County Commissioners, 342 P.2d 1032 (Colo.

1959); Marks v. Zoning Board of Review of City of Providence, 203 A.2d 761 (R.I. 1964), are illustrative] concern court review of discretion following the exhaustion of established administrative or legislative procedures. None suggests the propriety of court intervention to block the completion of those procedures. In Nevada it is established that equity cannot directly interfere with, or in advance restrain, the discretion of an administrative body's exercise of legislative power. Public Service Commission v. Court, 61 Nev. 245, 123 P.2d 237 (1942). This means that a court could not enjoin the City of Reno from entertaining Eagle Thrifty's request to review the planning commission recommendation. This established principle may not be avoided by the expedient of directing the injunction to the applicant instead of the City Council.

The second ground upon which the P.T.A. asks us to sustain court intervention is that Eagle Thrifty has pursued a course of vexatious conduct and should be denied further access to the procedures allowed by the code. Our attention is directed to a series of "vexatious litigation" cases wherein court relief was made available. Those cases warrant no discussion since the administrative steps pursued by Eagle Thrifty are not litigation. The order from which this appeal is taken recognized the good faith of Eagle Thrifty in pursuing its legal right of review. The district court wrote: "In this connection the Court does not cast any reflection on Eagle Thrifty's various applications herein—they are authorized by the ordinance. The fault, if any, lies in the ordinance itself."

3.   We recently stated that "[T]he zoning power is one of the tools of government which, in order to be effective, must not be subjected to judicial interference unless clearly necessary." Coronet Homes, Inc. v. McKenzie, 84 Nev. 250, 256, 439 P.2d 219, 223 (1968). We perceive no need for court intervention in this case. Although some may believe that the procedural provisions of the city code do not afford sufficient protection to affected property owners near the area of the proposed zone change in the circumstances presented by this record, any correction must come from the City Council. It is not our business to write a new city ordinance.

Accordingly, we overrule our opinion on appeal, Eagle Thrifty v. Hunter Lake P.T.A., 84 Nev. 466, 443 P.2d 608

(1968), and reverse the order of the district court granting a preliminary injunction.

ZENOFF and BATJER, JJ., concur.

JUSTICE MOWBRAY with whom CHIEF JUSTICE COLLINS concurs adheres to the view expressed in the opinion on appeal.